## SPENCE v. PARK.

No. 34532.  Oct. 7, 1952.

*248 P. 2d 1000.*

Pierce, Rucker, Mock, Tabor & Duncan, Tulsa, for plaintiff in error.

Wheeler & Wheeler, Tulsa, for defendant in error.

PER CURIAM.  This is an action for damages for personal injuries brought by Agnes Park against Bernie Lewis Spence. The petition alleges damages for hospital and medical bills, loss of time from work, pain and suffering, and both temporary and permanent disability, all resulting from personal injuries alleged to have been sustained by the plaintiff while riding as a passenger in the automobile driven by the defendant.

The case was tried to a jury which returned the verdict for the plaintiff in the amount of $218. Motion for new trial was filed which assigned as grounds therefor four specific specifications as follows:

(1) Irregularity in the proceedings and by the defendant, by which plaintiff was prevented from having a fair trial,

(2) Error in the assessment of the amount of recovery,

(3) That the verdict was not sustained by and is contrary to the evidence, and

(4) Error of law occurring at the trial and excepted to by the defendant.

The trial court sustained this motion 'o which ruling exceptions were reserved and this appeal was taken. The order sustaining the motion for new trial specifically recites:

"That the reason of the court for setting aside the verdict and sustaining the plaintiff's motion for new trial is on the grounds that the verdict was inadequate, and the court cannot conscientiously approve the same."

It is sought to reverse this action of the trial court on the theory that by the provisions of 12 O. S. 1951 §652, courts are prohibited from granting a new trial on account of the smallness

of damages in an action for injury to the person.

In the present case, the record discloses that it was stipulated at the trial of the case that the sum of $104 was expended for medical and hospital expenses, but the trial court instructed the jury that the claim for doctor, hospital and medical bills was for $88, and that the claim for loss of time of one (1) month was in the amount of $130. These two items amount to the sum of $218, the exact amount of plaintiff's verdict. In other words, the trial court, by the instructions given to the jury, limited recovery for doctor bills, hospital and medical bills, to the amount of $88 in the face of an agreement that the amount was $104.

The statutory limitation on the power of a trial court to grant a new trial should be strictly construed, and where, in the exercise of its broad discretionary power, a trial court sees fit to grant a new trial, the restriction of this power should be limited to the strict letter of the limitation itself. In the instant case, the parties had in open court, during the trial of the case, stipulated to the amount of damage by reason of medical expense, which, together with the amount contended for on the element of damages for loss of time, was in excess of that allowed by the jury. It is significant that the jury fixed the amount of recovery in the exact amount of the loss of time claimed plus the erroneous sum of $88 for medical expense. It is true that no application was made to amend the petition to ask for this greater amount as medical and hospital expense, and it is likewise true that no exceptions or objections were made to the action of the trial court in its instructions to the jury, which erroneously limited this amount to $88. However, in the granting of new trials, a trial court is not limited in its discretionary power to those cases where exceptions have been reserved to erroneous actions of the court and may grant a new trial on account of any error or misconduct which in the conscience of the court is sufficient justification for this action, except when prohibited by mandatory statutory provisions from so doing. Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 P. 157. It is not always that a trial court, in granting a new trial, specifies the grounds upon which the same is granted, but when it does do so, the language should be broadly construed to uphold the action of the lower court if possible.

It is the general rule that every presumption will be indulged that such ruling of the trial court is correct. Bailey v. Sisson, 180 Okla. 212, 69 P. 2d 65. The trial court may grant a new trial on its own motion, when the evidence does not support the verdict. Anderson v. State, 171 Okla. 587, 43 P. 2d 474.

We conclude that the action of the trial court in granting a new trial in this case should not be disturbed. In our opinioin, 12 O.S. 1951 §652 can only operate to limit the power of a trial court to vacate a judgment on the grounds that same is inadequate in amount, when the record is wholly free from irregularities or erroneous rulings of the court which might have resulted in the inadequate verdict. Where, as here, our attention is directed to erroneous proceedings in the trial court, directly affecting the amount of the verdict, we should consider the same in connection with the rules heretofore announced that trial courts have great latitude in granting new trials.

Affirmed.

This court acknowledges the services of Attorneys Hal Welch, Joe Stamper, and Dave Stovall, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.