Carrie BADGWELL, Plaintiff in Error,

v.

Samuel Ray LAIR, Defendant in Error.

No. 37871.

Supreme Court of Oklahoma.

May 13, 1958.

Rogers & Brightmire, Tulsa, for plaintiff in error.

Rucker, Tabor & Cox, Joseph M. Best, Murlene Worth, Tulsa, for defendant in error.

BLACKBIRD, Justice.

The present appeal involves an action for damages growing out of a collision between a "modified" 1953 Model Ford Convertible, driven by defendant, and a 1953 Model Ford Sedan, in which plaintiff was riding, at the intersection of Thirteenth and Cincinnati Streets in Tulsa, Oklahoma, on Thanksgiving day of 1955. In the auto, in whose back seat plaintiff and her husband were riding as guest passengers, the front seat was occupied by the driver Mrs. Fred Campbell, and her husband.

Traffic through the intersection in question is directed by red and green signal lights. As they each approached the intersection, the Ford in which plaintiff was riding (for brevity, referred to hereinafter as plaintiff's car) was traveling south on Cincinnati Street, while defendant's car was traveling west on Thirteenth Street. The crucial conflict in the evidence concerned the issue of which of the two cars had the right-of-way to enter the intersection, as regulated by the aforementioned traffic lights situated there. Plaintiff and her husband testified that the lights facing their car, for traffic on Cincinnati, were green, while defendant testified that the lights facing his car, and traffic on Thirteenth Street, were green.

It was shown that Detroit Street crosses Thirteenth Street one block east of this intersection where Cincinnati crosses it,

and defendant testified that he had stopped for the red lights at that intersection, before continuing west on Thirteenth Street to its intersection with Cincinnati. His testimony that the lights, as he approached the latter intersection, were in his favor, was supported by the testimony of two city employees (one of whom was a police officer) showing that if defendant had stopped at the corner of Thirteenth Street and Detroit, as he testified without contradiction, then, based upon his car's undisputed 20-mile per hour speed, and the way the traffic lights at the two intersections were synchronized, the lights at the subject intersection facing 13th Street turned green as he approached them and those facing north and south into Cincinnati were red. Apparently the jury considered this evidence as outweighing the testimony of plaintiff and her husband that the latter lights had been green as their car approached them, for, despite plaintiff's undisputed damages from the accident for personal injuries, pain and suffering, hospital and medical bills, etc., all of which items were included in the recovery she sought, the jury returned a verdict in favor of the defendant. Judgment was thereafter entered accordingly, and, upon the overruling of her motion for a new trial, plaintiff perfected the present appeal.

▪ Under her Proposition No. 3, plaintiff complains of the trial court's alleged error in sustaining defendant's objection to plaintiff's introduction in evidence of its Exhibit No. 10, which plaintiff's counsel says is "a diagram showing how the traffic signal lights were set at the intersection in question at the time of the accident." The record reveals no objection made by, or exception allowed, plaintiff to this ruling. Consequently, such ruling, if error, must be considered as acquiesced in and will not be reviewed by this court. See General Explosives Co. v. Wilcox, 131 Okl. 190, 268 P. 266.

▪ Among the matters complained of under her Proposition No. 2, plaintiff's counsel refers to certain "attempts to get in hearsay evidence * * *". The first

instance was when defendant, in relating, during his re-direct examination, what occurred immediately after the collision, when he got out of his car and went over to plaintiff's car, stated, as the first part of his answer to one of his counsel's questions: "I asked her if she didn't see the light and one of the men in the car, he said, there are four of us against one of you. You ran the red light. * * *." It is plaintiff's contention that the admission of this statement was error, in that no proper foundation for such answer was shown by establishing, before eliciting it, that the conversation related occurred in plaintiff's presence. Shortly after giving the quoted answer, however, defendant gave testimony showing that the plaintiff was among those present when the conversation occurred. Plaintiff's counsel cites no authority to the effect that this subsequent showing did not cure the previous absence of it or that, under the circumstances, the court erred in not ordering the witness' answer stricken. We, therefore, express no opinion on that alleged error. Satterwhite v. Magnolia Petroleum Co., 175 Okl. 35, 51 P.2d 959; Morton v. Thomason, 146 Okl. 255, 293 P. 1005; Allison v. Bryan, 26 Okl. 520, 109 P. 934, 138 Am.St.Rep. 988, 30 L.R.A.,N.S., 146; Sup. Ct.Rule 15, 12 O.S.A.Supp.Chap. 15,. Appendix.

Under her Proposition No. 4, plaintiff contends that the trial court erred in giving its Instruction No. 5, which purported to describe for the jury the legal rights and duties of a person confronted with a sudden emergency. Plaintiff's counsel says that this case was tried on the basis of which driver ran the red light; that "sudden emergency" was not an issue in the case; and that, even if it had been, Instruction No. 5, was inadequate to apprise the jurors fully of their duty in determining such issue, had it existed.

Under plaintiff's Proposition No. 1, she complains of the trial court's alleged error in overruling her motion for mistrial, on account of an offer of proof shown to have been heard by at least one of the jurors, before the jury was excused. The offer was

made by defendant's attorney during his cross examination of one of plaintiff's medical witnesses, after the court had sustained opposing counsel's objection to a question in which the witness was asked if he had been sued for malpractice in October, 1949. It seems to be plaintiff's counsel's contention that the jury heard enough of what was said concerning this allegedly inadmissible subject of inquiry, that, even though the jury was admonished by the court not to consider it, his client's cause was prejudiced.

Plaintiff's principal complaint, under her Proposition No. 2, concerns defense counsel's asking defendant's policeman witness, in substance, if he had written into the report he made of the accident, that if defendant's car "had stopped at the red light at 13th and Detroit, as he claims, then it would" have been impossible for it to have approached Cincinnati on a red light. Plaintiff recognizes that the court refused to allow the witness to answer this question, but maintains that the question itself prejudiced her cause in that it had the effect of advising the jury, through the attorney, that the officer's report contained the statement inquired about. We cannot see how the fact, said to be inferred from the attorney's question, could have, prejudiced the plaintiff's cause, in view of the testimony that had already been elicited from other witnesses. As hereinbefore indicated, the defendant himself had testified, without objection or contradiction, that he had stopped on account of red traffic lights at the corner of Thirteenth and Detroit, before proceeding on toward the intersection of Thirteenth and Cincinnati; and, the testimony of the policeman and city employee already mentioned, and introduced without objection, tended to prove that, this being true, it would have been impossible for the lights facing defendant, as he entered the latter intersection, to have been any color but green. In view of such proof, we think that any personal conclusion to the same effect, that the officer may have written into his report, would have been immaterial and ineffectual as concerned prejudice to plaintiff. Assuming arguendo, that the jury did infer, from the attorney's question, that the officer wrote such a statement into his report, we cannot escape the conclusion that such an inference would have been merely cumulative in effect and insufficient, in itself, to have worked prejudice against plaintiff. As heretofore indicated, the crucial issue at the trial was whether the lights facing defendant, when he entered the intersection, were green or red—rather than what the police officer wrote in his report about it. Since defendant's testimony, supported by testimony from the city's experts, showed overwhelmingly that those lights were then green, it does not appear that the verdict would have been different, in the absence of the inference plaintiff complains of. Probability of a change in the outcome of the lawsuit is the test of prejudice this court has long employed in alleged errors of practice and procedure. In this connection, see State ex rel. Department of Highways v. Weaver, Okl., 297 P.2d 549; Montgomery Ward & Co. v. Beller, Okl., 276 P.2d 932, and Magnolia Petroleum Co. v. Sutton, 208 Okl. 488, 257 P.2d 307. Measured by that criterion, the alleged error in question, as well as the court's alleged error in giving its Instruction No. 5, and in refusing plaintiff's motion to declare a mistrial, must be considered harmless. In addition to the foregoing, see also St. Louis-San Francisco Ry. Co. v. Withers, Okl., 270 P.2d 341. Even if one or more jurors unmistakably heard one of plaintiff's doctors being asked if he had been sued for malpractice, and the jury believed, from the offer of proof, that he had, and that he was therefore unworthy of belief, it is not reasonable to assume that, contrary to the court's instructions, they ignored other uncontradicted evidence of plaintiff's damages and held for the defendant, if they believed his negligence was the cause of those damages. In this view of the matter, it is plain that the question asked the doctor was not the reason plaintiff lost the case, and that there is not the necessary showing of probability that the verdict would have

been different had the alleged error not occurred. Nor do we find any such showing in the sum total of those alleged errors that plaintiff has properly urged or attempted to support.

In accord with the foregoing, the judgment appealed from is hereby affirmed.