Floyd A. KELLEY and Clela Kelley, husband and wife; Kenneth W. Kelley and Nellie M. Kelley, husband and wife; Equitable Life Assurance Society; and Austin Moore and Elsie D. Moore, husband and wife, Plaintiffs in Error,

v.

STATE of Oklahoma, ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Defendant in Error.

No. 42294.

Supreme Court of Oklahoma.

April 7, 1970.

Don Hampton, Pawhuska, for plaintiffs in error.

Jim Barnett, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

This is an appeal from a judgment of the trial court sustaining the motion for new trial filed by relator, defendant in error herein, in an action brought to condemn

slightly more than 18 acres of defendants' ranch and to obtain certain easement rights thereon for the purpose of relocating U. S. Highway No. 60 in Osage County, Oklahoma.

On appeal, reference will be made to the parties as they appeared in the trial court.

The ranch involved herein is owned by defendants Floyd and Kenneth Kelley and consists of approximately 3120 acres. A portion of this land is tilled, but the major portion of it is in grass. In the action below, relator sought to condemn a strip, varying in width from 220 feet to 350 feet, across the northern part of the ranch for the purpose of relocating the above specified highway. This strip is grass land and, as noted above, contains approximately 18 acres. The strip sought to be condemned divides the ranch into two parts, one north and one south of the new highway. The northern part consists of approximately 600 acres, and the southern part of approximately 2500 acres.

The only direct access from one part of the divided ranch to the other part is a culvert 10 feet wide, 8 feet high and 191 feet long located under the highway. However, the highway is not a limited access one and there are presently no restrictions which would prohibit defendants from crossing the roadbed to travel from one part of the ranch to the other part.

At trial, evidence was introduced to establish that the value per acre of the condemned land was between $125.00 and $150.00. The parties stipulated to the sum of $2160.00 as damages for fencing.

Defendants introduced evidence of several witnesses to establish that they had suffered damages to their ranch in amounts ranging from approximately $32,000 to $35,-000. In summary, the amount of damages testified to have occurred to the ranch was based upon the land taken, the division of the ranch into two parts, and the destruction by the construction of the highway of the only fresh water spring on the northern portion of the ranch and of a grove of trees surrounding the pond fed by that

spring. As to the division of the ranch, defendants introduced evidence tending to establish that cattle could not be moved between the two parts of the ranch by use of the culvert, because of its narrowness and length, nor by using the roadbed of the highway, because of its width and grade.

Relator introduced the testimony of one witness whose opinion was that defendants had suffered a total of $7,200.00 damages to the ranch because of the condemnation of the approximately 18 acres. Relator, by the testimony of this witness as well as other witnesses, also sought to establish that cattle could be moved without difficulty from the southern to the northern part of the ranch either by the use of the culvert or the roadbed of the highway and that the only source of fresh water on the northern part of the ranch had not been destroyed.

At the conclusion of the introduction of evidence, the case was submitted to a jury who returned a verdict for defendants in the amount of $26,780.00. Subsequently, relator filed its motion for new trial, and from an order sustaining this motion, defendants appeal.

In its order sustaining relator's motion, the trial court listed four reasons for the granting of a new trial. Relator admits herein that two of the listed reasons are not grounds for a new trial under 12 O.S.1961 § 651, and abandons these for the purposes of this appeal. However, relator contends that the trial court's order, based upon the remaining two reasons, must not be disturbed on appeal " * * * unless the record clearly shows the court acted arbitrarily or erred in its view of some unmixed question of law and that the new trial was granted because of such erroneous view of the law." See Hillcrest Medical Center v. Wier, Okl., 373 P.2d 45, 47.

The first of the two remaining reasons for which the trial court granted relator's motion for new trial is:

"The remarks of counsel for defendant during his final argument:

"These roads are federal roads. They're federally subsidized roads—

everybody knows that. It's not even competent to bring that up, and the Court told him to stop even saying that."

It should be noted that these remarks of defendants' counsel were made in an apparent attempt to answer certain remarks which relator's counsel had begun to make but had failed to finish before an objection thereto had been sustained by the trial court. It should also be noted the record herein reflects that no objection was made to the above quoted remarks of defendants' counsel at the time they were made and that relator first complained of such remarks in its motion for new trial.

In Burns v. Atchison, Topeka and Santa Fe Railway Co., Okl., 372 P.2d 36, this Court, in the first syllabus paragraph, stated:

"Prejudicial remarks of counsel in argument to the jury are not ordinarily available as a ground for reversal unless objected to and exception taken at the time such remarks are made, and the remarks, as well as the objection and exception thereto, must be shown in the record of the proceedings of the trial. The objection is too late if made for the first time in motion for new trial."

In Bateman v. Glenn, Okl., 459 P.2d 854, 858, wherein this Court reversed a trial court's order sustaining a motion for new trial, we stated:

"Alleged prejudicial remarks of counsel in his argument to the jury are not preserved for review by this court unless objected to and exception is taken at the time the remarks are made, and unless such remarks with the objection and exception, are shown in the record of the proceedings of the trial. If it appears that there has been misconduct in a trial, the aggrieved party may move the court to declare a mistrial, but in failing to do so will be deemed to have taken his chances with the jury."

See also Lawton Transit Mix, Inc. v. Larson, Okl., 455 P.2d 696.

■ To support its argument that the alleged prejudicial error arising from the remarks of defendants' counsel was not waived when no objection was made thereto, relator cites Spence v. Park, 207 Okl. 215, 248 P.2d 1000 and Clark v. Herbert, 132 Okl. 272, 270 P. 329. In *Spence*, supra, this Court indicated that in granting a new trial, a trial court was not limited to those cases where exceptions have been reserved to erroneous actions of the court and could grant a new trial on account of any error or misconduct except where prohibited by statute. However, in view of our more recent decisions cited above, it is our opinion that any language in Spence inconsistent with such decisions should be overruled, and we so hold. Relator's other cited authority, Clark v. Herbert, which holds that a statutory ground for a new trial is not waived if raised during trial and embraced within the language of the motion for new trial, is distinguishable from the action herein.

In our opinion, relator failed to preserve any alleged prejudicial error arising from the remarks made by defendants' counsel during argument to the jury.

■ The trial court's other stated reason for granting a new trial was "For other reasons occurring to the court." Relator contends it can be inferred from this language that the trial court considered the jury verdict excessive. However, even assuming *arguendo* that such inference can be made, it is our opinion that the jury verdict is adequately supported by competent evidence introduced at trial.

The order of the trial court sustaining relator's motion for new trial is reversed with directions to overrule the motion and re-enter judgment on the jury verdict for defendants.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, JACKSON, HODGES, LAVENDER and McINERNEY, JJ., concur.