1998 OK 121

## PUBLIC SERVICE COMPANY OF OKLAHOMA, Appellant,

v.

## Herman BROWN, Gladys Brown, Charles R. Knopp, and Ellen Joy Knopp, Appellees.

No. 89,561.

Supreme Court of Oklahoma.

Dec. 8, 1998.

S. Douglas Dodd, Doerner, Saunders, Daniel & Anderson, Tulsa, Oklahoma, for Appellant.

Louis Levy, Louis Levy, Inc., Tulsa, Oklahoma, for Appellees.

HODGES, J.

¶ 1 This matter raises the issue of whether the trial court abused its discretion in granting a motion for new trial. This Court holds that it did.

¶ 2 Appellant, Public Service Company of Oklahoma (the electric company) brought this condemnation action against Herman Brown, Gladys Brown, Charles Knopp, and Ellen Knopp (landowners) to acquire an easement along two boundaries of landowners' property. A jury trial was demanded by all parties to the action after the appointed commissioner awarded $25,000.00 as the value of the taking. Landowners sought $48,000.00 for the value of the taking. The electric company claimed the easements were worth $6,000.00. At the end of a two-day trial, a jury set the value of the easements at $16,000.00.

¶ 3 The controversy centers around landowners' closing argument. After the close of evidence, parties' counsel met with the trial judge in chambers to discuss jury instructions and closing arguments. Each side was given twenty minutes to argue its case.

Landowners' counsel opted to split his time; fifteen minutes for argument and five minutes for rebuttal.

¶ 4 Landowners argued for fifteen minutes followed by a twenty-minute argument by the electric company. However, the trial judge had apparently misunderstood landowners' counsel and believed that the argument would not be split. When landowners' counsel ended his argument at fifteen minutes, the trial judge thought he had completed it. Counsel made no objection or comment concerning the failure to receive the five minutes for rebuttal.

¶ 5 Landowners filed a motion for new trial raising only their failure to receive the five minutes for rebuttal. The trial court granted the motion relying on the "conscience rule" of *Spence v. Park*, 207 Okla. 215, 248 P.2d 1000 (Okla.1952). The Court of Civil Appeals affirmed. This Court granted certiorari review.

■ ¶ 6 A trial court has wide discretion to grant a new trial. "If the new trial is granted by the same judge who tried the case, a much stronger showing of error or abuse of discretion is required for this Court to reverse than if a party appeals from a refusal to grant a new trial." *Propst v. Alexander*, 898 P.2d 141, 145 (Okla.1995). Such a decision "should not be reversed unless it is shown ... that the trial court materially and manifestly erred". *Id.* However, "[i]n exercising sound judicial discretion the judge is precluded from giving effect to his own will and subjective views of what is proper and just. Instead, he is bound to follow the will of the law in discerning the course legally prescribed according to principles legally ascertained by adjudged cases." *Bishop's Restaurants, Inc. v. Whomble*, 355 P.2d 560, 564 (Okla.1960). The trial court may correct and cure its own errors but it may not substitute its own will for that of the jury. *See id.* Thus, "[w]here it appears that the defeated litigant did not present valid reasons for a new trial, and the record is barren of sufficient legal grounds for ordering a reexamination of fact issues, this Court will hold that none existed and that the trial

court abused its discretion in sustaining the motion." *Id.*

¶ 7 In granting landowners' motion for new trial, the trial court relied specifically on *Spence*, 248 P.2d at 1001, as authority that it could "grant a new trial on account of any error or misconduct which in the conscience of the court is sufficient justification for this action". *Id.* However, the "conscience rule" applied in *Spence* was later renounced by this Court in *Montgomery v. Murray*, 481 P.2d 755 (Okla.1970). Under *Montgomery*, "a trial court's power to grant new trials is limited by the bounds of judicial discretion." *Id.* at 760. *Montgomery* went on to hold that it is error "to grant a new trial on account of a claimed error that, as far as the record shows, is harmless." *Id*, (quoting *Missouri, Kansas & Oklahoma Transit Lines v. Jackson*, 442 P.2d 287 (Okla.1968) (syllabus at ¶ 1)). *Montgomery* noted that "[p]robability of a change in the outcome of a lawsuit is the test of prejudice this Court has long employed in alleged errors of practice and procedure." *Id.* at 761 (quoting *Badgwell v. Lair*, 325 P.2d 968, 971 (Okla.1958)).

■ ¶ 8 In this matter, landowners' counsel never mentioned to the trial judge the court's failure to realize that five minutes were reserved for rebuttal. At the hearing on the motion for new trial, the trial judge noted that he would have provided rebuttal gladly if counsel had simply pointed out the mistake. Counsel, however, made no mention of the oversight until the motion for new trial.

¶ 9 Landowners have failed to present a valid reason for a new trial and the record [1] lacks sufficient legal grounds for again litigating the value of landowners' property. In addition, they have failed to demonstrate how the additional time would have provided any probability of change in the outcome of the lawsuit. There is no doubt that the trial court materially and manifestly erred. It acted outside the bounds of its judicial discretion in granting a new trial.

---

1. The transcripts provided on appeal included only the transcript of closing argument and ver- dict along with the transcript of the hearing on the motion for new trail.

CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; ORDER OF TRIAL COURT GRANTING NEW TRIAL REVERSED; TRIAL COURT DIRECTED TO ENTER JUDGMENT ON JURY VERDICT.

¶10 SUMMERS, V.C.J., LAVENDER, SIMMS, HARGRAVE, OPALA, WATT, JJ., concur.

¶11 KAUGER, C.J., ALMA WILSON, J., concur in result.

