2009 OK 10

**Donna FLETCHER, Plaintiff/Appellant,**

v.

**Michael MONROE, Defendant/Appellee.**

No. 104,364.

Supreme Court of Oklahoma.

Feb. 10, 2009.

Rehearing Denied May 11, 2009.

Mark S. Stanley, Carpenter, Stanley & Myers, Tulsa, OK, for Plaintiff/Appellant.

David D. Wilson, Frances J. Armstrong, Wilson, Cain & Acquaviva, Tulsa, OK, for Defendant/Appellee.

WATT, J.

¶ 1 We granted certiorari to address a single issue:[1] whether an instruction to the jury involving the possibility of a post-judgment attorney fees award in a personal injury case constituted fundamental error[2] requiring a new trial. Although Fletcher did not seek the award of an attorney fee at trial and it is undisputed that the cause of action for personal injury would not support an award for attorney fees,[3] the trial court *sua sponte* gave an instruction indicating to the jury that its judgment might be increased by a discretionary award of attorney fees. Under these facts, we hold that error sufficient to require the granting of a new trial occurred. Our determination is supported by our recent pronouncement in *Snyder v. Dom-*

---

1. Fletcher has vigorously argued that error also occurred when the trial judge encouraged the parties to enter into a joint stipulation involving the testimony of Monroe's expert witness. The allegedly controversial stipulation, read to the jury after Fletcher rested her case, is found at p. 145, Transcript of Jury Trial, March 20 & 21, 2006, the Court providing:

   "Ladies and gentlemen, the parties have a stipulation that the defendant requested the permission of the court to allow examination of the plaintiff by Dr. Sami Framjee on July 19, 2005. The court denied that request because the plaintiff reported full recovery of any injuries claimed in this lawsuit in July of 2005."
   The on-record discussion of the issue of the stipulation appears at p. 144, Transcript of Jury Trial, March 20 & 21, 2006, statement by Mr. Stanley providing:
   "For the record, the stipulation accurately sets forth the facts and the true facts of exactly what transpired. My only objection is, is that counsel for the defendant should have handled that in the cross-examination of Dr. Framjee. He pointed out to Dr. Framjee that my client was well before the lawsuit was filed, there was no opportunity for him to see her and do that, rather than to have the court do that for him...."
   Because any objection to the stipulation was not voiced when the stipulation was read, the issue is waived on appeal. *Wilson v. Still*, 1991 OK 108, ¶ 4, 819 P.2d 714; *Bane v. Anderson, Bryant & Co.*, 1989 OK 140, ¶ 24, 786 P.2d 1230. *Messler v. Simmons Gun Specialties, Inc.* 1984 OK 35,

¶ 13, 687 P.2d 121. Our determination that the plaintiff was prejudiced by the instruction on attorney fees negates the need to determine whether the trial court's reading of the stipulation constituted fundamental error. Tile 12 O.S. 2001 § 2104(D) providing:
   "Nothing in this section precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court."
   *McMillan v. Lane Wood & Co.*, 1961 OK 95, ¶ 14, 361 P.2d 487 [No objection necessary if a showing of prejudice or fundamental error is made or is apparent.].

2. Fundamental error compromises the integrity of the proceeding to such a degree that the error has a substantial effect on the rights of one or more of the parties. *Sullivan v. Forty–Second West Corp.*, 1998 OK 48, ¶ 7, 961 P.2d 801; 20 O.S.2001 § 3001.1 providing:
   "No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or for error in any matter of pleading or procedure, unless it is the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

3. *Lee v. Griffith*, see note 10, infra; *Truelock v. City of Del City*, see note 10, infra; 12 O.S.2001 § 990(A), see note 10, infra.

*inguez,* 2008 OK 53, 202 P.3d 135 holding that an instruction on an issue irrelevant to the cause of action in a jury trial is fundamental error requiring the granting of a new trial.

## RELEVANT FACTS AND PROCEDURAL HISTORY

¶ 2 It is undisputed that on December 17, 2003, Monroe was operating a motor vehicle and rear-ended an automobile occupied by Fletcher. On November 24, 2004, Fletcher filed suit to recover $8,928.05 in medical expenses along with remuneration for pain and suffering, costs, and a reasonable attorney fee. The trial was held on March 20 and 21, 2006. Monroe did not deny that his negligence caused the accident during the jury trial. Nevertheless, he did dispute the reasonableness and necessity of medical treatment Fletcher obtained as a result of the crash.

¶ 3 At trial, Fletcher did not request that the jury consider the issue of attorney fees as a part of the damages to be awarded.[4] Nevertheless, the trial court *sua sponte* gave a non-Oklahoma Uniform Jury Instruction (OUJI) advising the jury that it:

"... should not consider or attempt to award attorney fees as a part of any verdict you may render in this case for any party or parties. Based upon your verdicts, the Court will determine the entitlement of any party or parties to recover attorney fees." [5]

The jury returned a verdict in Fletcher's favor for $2,800.00. The figure does not conform with medical expenses Fletcher incurred immediately following the accident or with any other combination of expenses incurred at a later date.[6]

¶ 4 On June 26, 2006, Fletcher filed a motion for new trial alleging irregularities in the proceedings and errors of law occurring at trial.[7] The motion was denied on January 30, 2007. In an opinion promulgated on July 25, 2008, the Court of Civil Appeals affirmed the trial court. Fletcher filed a petition for certiorari on September 9, 2008. On November 13, 2008, we granted certiorari. Monroe filed an application on November 21, 2008 to withdraw the order granting the petition for certiorari and to strike and deny the petition or, in the alternative, to grant him the opportunity to answer. The motion asserted a lack of notice of the filing of the petition on certiorari. On December 1, 2008, we issued an order directing the parties to show cause: 1) whether certiorari should be withdrawn as improvidently granted for failure to meet the notice requirements of Rule 1.4(g), Supreme Court Rules, 5 O.S. Supp.2008, Ch. 15, App. 1 [8] and Rule 1.179, Supreme Court Rules, 5

---

4. Fletcher's Proposed Jury Instruction, filed on March 10, 2006, providing in pertinent part:
"... In fixing the amount [of Plaintiff's damages] you will award her you may consider the following elements:
A. Her physical pain and suffering;
B. Her mental pain and suffering;
C. Her age;
D. Her physical condition immediately before and after the accident;
E. The nature and extent of her injuries;
F. The physical impairment;
G. The reasonable expenses of the necessary medical care, treatment, and services, past and future."

5. Instruction number 12 is denominated by the trial court as "Non–OUJI" and is found in the record at p. 115.

6. Plaintiff's exhibit 3, found at p. 933 of the record, lists the medical expenses incurred as follows: 12–18–03, $313.06 to Hillcrest Medical Center and $216.00 to Tulsa Hillcrest Emerg. Phys.; 12–30–03/2-2-04, $2,975.22 to Green Country PT; 2-9-04/4-5-04, $3,354.00 to Simpson Physical Therapy; 2-5-04/4-8-04, $1,597.80 to David A. Traub M.D.; 12-23-03, $18.00 to Walmart; 2-5-04/2-9-04, $176.75 to Saffa Pharmacy; 2-5-04, $277.00 to Okla. Med. Svc. & Supply.

7. Title 12 O.S.2001 § 651(1) and (8).

8. Rule 1.4(g)(1), Supreme Court Rules, 5 O.S. Supp.2008, Ch. 15, App. 1 providing:
"*By Parties.* Service of all documents filed with the Supreme Court or Court of Civil Appeals shall be made in the manner provided in 12 O.S.Supp.1998, § 2005(B). Proof of service may be by a certificate of service endorsed on the filing. The Court, a Justice thereof, or a Referee of the Supreme Court may require other methods of service and proof of service. No brief, motion, petition, application or suggestion will be considered by the Supreme Court or the Court of Civil Appeals without proof of service as required herein, except where the Court determines that notice is not required." [Emphasis in original.]

O.S.2001, Ch. 15, App. 1;[9] and 2) whether, if certiorari is not withdrawn as improvidently granted, Monroe should be allowed an opportunity to file an answer pursuant to Rule 1.179, Supreme Court Rules, 5 O.S.2001, Ch. 15, App. 1.

¶5 Responses to the show cause order were filed on December 9 and 11, 2008. On January 12, 2009, upon reconsideration of the petition to grant certiorari and the answer thereto along with the responses to the show cause order, we issued an order refusing to withdraw certiorari as improvidently granted and allowing the filing of an answer to the certiorari petition. The answer was filed on January 23, 2009.

¶6 **UNDER THE FACTS PRESENTED, WHERE ATTORNEY FEES WERE NOT SOUGHT AS A PART OF THE AWARD AT TRIAL, THE CAUSE OF ACTION TRIED TO THE JURY WOULD NOT SUPPORT AN AWARD OF ATTORNEY FEES, AND THE TRIAL COURT** *SUA SPONTE* **GAVE AN INSTRUCTION INDICATING THE JUDGMENT MIGHT BE INCREASED BY THE DISCRETIONARY AWARD OF SUCH A FEE, ERROR OCCURRED REQUIRING A NEW TRIAL.**

¶7 The parties agree that Fletcher's personal injury claim will not support an award of attorney fees.[10] Nevertheless, Monroe contends that the attorney fee instruction is an accurate statement of Oklahoma law that could not and did not create a miscarriage of justice requiring a new trial. Fletcher argues that the instruction created conjecture and speculation by the jury that any award it made would subsequently be increased by an amount equal to the costs of the prosecution of her cause. Under the facts presented and considering recent jurisprudence, we agree with Fletcher's position.

¶8 Generally, the right of a litigant to recover attorney fees is governed by the American Rule. Pursuant to the rule, **courts are without authority to award attorney fees in the absence of a specific statute or a contractual provision allowing the recovery of such fees.**[11] Exceptions to the American Rule are narrowly defined.[12] **It is undisputed that no statute or contractual basis has been provided to support an award of attorney fees in favor of Fletcher for her personal injuries. Neither has there been an argument that some exception to the American Rule exists which might support such an award.** Rather, the issue of attorney fees was not discussed during the proceedings before the jury until the trial court *sua sponte* gave the instruction indicating that any such award would be within her discretion.

¶9 We were recently presented with a situation similar to the one posed here in *Snyder v. Dominguez*, 2008 OK 53, 202 P.3d 135. Like here, the Court was presented with a single issue in *Snyder:* whether the trial court erred in the giving of a jury instruction. Before addressing the issue, we set out the narrowly defined circumstances under which this Court will disturb a jury verdict based on errors in jury instructions. Paragraph 8 of the opinion provides in pertinent part:

"... The power of an appellate court to disturb a jury's verdict on the basis of an error in jury instructions is tightly circumscribed and can be exercised only if the court concludes that the error 'has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a con-

9. Rule 1.179(b), Supreme Court Rules, 5 O.S. 2001, Ch. 15, App. 1 providing in pertinent part:
"... The petition shall be served upon the respondent and the petition shall show service. See Rule 1.4(g)."

10. *Lee v. Griffith*, 1999 OK 32, ¶5, 990 P.2d 232; *Truelock v. City of Del City*, 1998 OK 64, ¶22, 967 P.2d 1183; Title 12 O.S.2001 § 990(A) providing:
"In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reason-able attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action."

11. *Barnes v. Oklahoma Farm Bureau Mut. Ins. Co.*, 2000 OK 55, 57 46, 11 P.3d 162; *TRW/Reda Pump v. Brewington*, 1992 OK 31, ¶13, 829 P.2d 15.

12. *Barnes v. Oklahoma Farm Bureau Mut. Ins. Co.*, see note 11, supra; *Kay v. Venezuelan Sun Oil Co.*, 1991 OK 16, ¶5, 806 P.2d 648.

stitutional or statutory right.' Okla. Stat. Tit. 20, § 3001.1 (2001); *see also Lierly v. Tidewater Petroleum Corp.*, 2006 OK 47, ¶ 15, 139 P.3d 897, 902. This Court can disturb a jury's verdict only if it concludes that an error in a jury instruction is so pervasive that the instructions as a whole create the 'probability that the jury was misled into reaching a result different from that which would have been reached but for the error.' *Myers v. Mo. Pac. R.R.*, 2002 OK 60, ¶ 29, 52 P.3d 1014, 1028–29." [Emphasis in original.]

¶ 10 *Snyder* involved a car accident in which there were allegations of a passenger's contributory negligence. The evidence presented in the cause did not support a finding of contributory negligence on the passenger's part. Nevertheless, the trial court gave the instruction. This Court determined that the giving of the unwarranted instruction was fundamental error tending to create confusion, conjecture and speculation on the part of the jury.

¶ 11 Here, as in *Snyder*, the trial court gave an instruction which was entirely inappropriate to the issue to be determined by the jury, the extent of Fletcher's physical injuries and the reasonableness of the medical expenses incurred. Although there was no basis upon which the trial court could award attorney fees to either party, it gave an instruction implying that any award the jury entered might be enhanced by the trial court's discretionary award of an attorney fee.

■ ¶ 12 The instruction misled the jury on the dispositive legal issue of what amount would be sufficient to compensate Fletcher for her physical injury arising from the automobile accident. **Most certainly the jury believed that any award it entered would be enhanced once the trial court determined the attorney fee issue. Instructing on a non-existent issue, an award which was not supported by the facts or the cause of action, constituted an unauthorized application of judicial force.**[13] We hold that a new trial is necessary to correct fundamental error, the substantial compromise of Fletcher's uncontested right to compensation for the totality of her personal injuries suffered in the accident with Monroe.[14]

## CONCLUSION

■ ¶ 13 The right to a fair trial is statutorily preserved.[15] A new trial is required when a party is prevented from having a fair trial as a result of an error which materially affects the substantial rights of the party.[16] Reversible error is present when a probability of change in the outcome of a lawsuit occurs.[17] Prejudicial error occurs requiring a new trial when an instruction materially deviates from the dispositive legal issue.[18]

¶ 14 The only issue before the jury here was the amount sufficient to compensate Fletcher for her physical injuries. Fletcher did not seek attorney fees and the recovery sought, compensation for personal injuries, would not support such an award.[19] We determine that the trial court erred in giving *sua sponte* the misleading jury instruction on attorney fees and in subsequently denying Fletcher a new trial. Therefore, we reverse and remand for proceedings consistent with this opinion.

---

13. See, *W.R. Grimshaw Co. v. First Nat'l Bank & Trust Co. of Tulsa*, 1977 OK 28, ¶¶ 25–26, 563 P.2d 117 [Instructions constituting an improper statement of the law constitute reversible error requiring a new trial.]; *Lusk v. Pugh*, 1916 OK 668, ¶ 15, 159 P. 855 [An unauthorized instruction constitutes reversible error.].

14. *Simpson v. Gear,* see note 18, infra.

15. Title 12 O.S.2001 § 651, see note 7, supra; *Taliaferro v. Shahsavari*, 2006 OK 96, ¶ 13, 154 P.3d 1240.

16. *Id.*

17. *Taliaferro v. Shahsavari,* see note 15, supra; *Public Serv. Co. v. Brown,* 1998 OK 121, ¶ 7, 972 P.2d 354; *Missouri, Kansas, & Oklahoma Trans. Lines v. Jackson,* 1968 OK 28, ¶ 0, 442 P.2d 287; *Badgwell v. Lair,* 1958 OK 122, ¶ 8, 325 P.2d 968.

18. *Simpson v. Gear,* 1986 OK 27, ¶ 7, 725 P.2d 1241.

19. *Lee v. Griffith,* see note 10, supra; *Truelock v. City of Del City,* see note 10, supra; 12 O.S.2001 § 990(A), see note 10, supra.

COURT OF CIVIL APPEALS OPINION VACATED; REVERSED AND REMANDED.

EDMONDSON, C.J., TAYLOR, V.C.J., OPALA, KAUGER, WATT, COLBERT, JJ., concur.

HARGRAVE, WINCHESTER, REIF, JJ., dissent.