WILLIAM BRADFORD VS. THE TERRITORY OF OKLAHOMA, *ex rel.*, J. H. WOODS, *County Attorney*.

1. Under the Statutes of 1890, art. 34, chap 70, information in the nature of *quo warranto* in the name of the territory, on the relation of the county attorney, is the proper proceeding to remove a county clerk from office for maladministration in office.

2. It is a violation of law for a county clerk to issue a liquor license to an applicant until the full amount of the annual fee has been paid to the county treasurer, and a clerk who does such act is guilty of wilful maladministration in office and may be removed for such disregard of duty.

3. Our laws furnish three concurrent remedies for removal of public officers for the causes prescribed in chap. 61, Stat. 1890, viz.: information in the nature of *quo warranto*, accusation by the grand jury, and complaint by the board of county commissioners, or some other person, in his own name, and either remedy may be adopted.

4. The acts done by a county officer to warrant his removal from office need not be such as would subject him to a criminal prosecution, but any acts done knowingly in violation of his statutory duties are sufficient to constitute such maladministration as will forfeit his right to said office.

5. A large discretion is vested in the trial judge in determining the qualifications and competency of jurors, and unless an abuse of such discretion is shown, an appellate court will nor disturb his action.

6. It is not error to sustain a challenge to a juror who has formed an opinion, based upon rumors or newspaper reports, when he answers that, notwithstanding such previously formed opinion, he will render a fair and impartial verdict. In such cases the court passes judicially upon his qualifications, and must be satisfied, from his answer, his conduct, actions and demeanor, that the juror will be fair and impartial, and will not be influenced by any motives except a desire to do exact justice.

*Error from Oklahoma County.*

*C. R. Reddick* for plaintiff in error.

*C. A. Galbraith, Attorney General,* for defendant in error.

The opinion of the court was delivered by

BURFORD, J.: This was a proceeding by information, in the nature of *quo warranto*, to remove the plaintiff in error from the office of county clerk, of Oklahoma county, for wilfull maladministration in office.

The cause was before this court once before, (1, Ok.

366,) and the substance of the information is set out in the former opinion.

The plaintiff in error was tried by jury a second time and convicted, and judgment rendered ousting him from said office.

The first error assigned is the action of the judge of the trial court in sustaining the challenge of the relator to certain jurors for cause. The jurors testified, on their *voir dire*, that they had formed opinions as to the merits of the cause, based upon hearsay and newspaper reports, but that, notwithstanding such opinion, they could give the defendant a fair and impartial trial. The court excused the jurors named and directed other jurors to be selected to take their places.

It is contended that these jurors were not disqualified under § 5622, Criminal Procedure, Stat. 1890. It is provided by said statutes that—

"No person shall be disqualified as a juror by reason of having formed or expressed an opinion upon the matter or cause to be submitted to such jury, founded upon rumor, statements in public journals or common notoriety, provided it appears to the court upon his declaration, under oath or otherwise, that he can, or will, notwithstanding such opinion, act impartially and fairly upon the matters to be submitted to him."

Under this section the court must be satisfied that the juror will act fairly and impartially, and in passing upon this question he must act judicially on the facts before him, and the conduct and appearance of the juror; his manner and apparent candor or impartially are all to be considered by the court together with his actions in determining his fitness as a juror. It is the duty of the trial court, in the selection of jurors for the trial of a cause, civil or criminal, to see that jurors are obtained who will act fairly and impartially between the litigants; who will not be in-

fluenced or biased by previously formed opinions, or actuated by motives other than a desire to render exact justice to both parties. A very large discretion is vested in the court in determining the competency and qualifications of jurors, and its action should never be disturbed by an appellate court, unless an abuse of such discretion is clearly apparent. We find nothing in the record to indicate that the trial court abused the discretion vested in it in empanneling the jury. And while it would not have been error, under the statutes cited, to have retained the jurors, as appears from their answers, the presumptions are in favor of the correctness of the act of the trial court, and no error is manifest in the record. In any event, the statute cited from criminal procedure can not be held as controling, yet the rule there stated is the proper one, now accepted by most all the courts of the highest resort, in cases either civil or criminal.

The second assignment of error complains of the action of the trial court in refusing to permit the defendant, Bradford, to prove, on the trial, that he had paid to the treasurer of Oklahoma county, after the commencement of this action, the monies received by him from the sale of liquor licenses.

If there was any error in rejecting this testimony, it was cured by afterwards permitting the defendant to testify fully as to said payments.

The third assignment of error presents the same question. The only other objection insisted upon by counsel for Bradford is that the information was improperly brought, and that it does not state facts sufficient to entitle the relator to have the office of county clerk declared vacant.

The statute in force at the time this action was commenced authorized an information to be filed by the county attorney, on his relation. The usual practice is to bring it in the name of the sovereign power,

on relation of the public prosecutor, and, in this cause, the case was brought in the name of the territory, on the relation of the county attorney. There was no error in this. Such proceeding is authorized whenever any public officer shall have done, or suffered any act, which, by the provisions of law, shall work a forfeiture of office.

Section 1, article 34, chapter 70, statutes of 1890, provides:

"That when any public officer thus charged shall have been found guilty of having done or suffered any act which by the provisions of law shall work a forfeiture of his office  *  *  *  the court shall give judgment of ouster against the defendant and exclude him from the office."

Section 10, article 34, chapter 70, statutes of 1890, states the cause for removal as follows:

"All elective county officers may be charged, tried and removed from office for either of the causes following:

"1. Habitual or wilful neglect of duty
"2. Gross partiality.
"3. Oppression.
"4. Extortion,
"5. Corruption.
"6. Wilful maladministration in office.
"7. Habitual drunkenness.
"8. For the failure to produce and account for all public funds and property in his hands at any settlement or inspection authorized by law." (Chap. 61, Stat. 1890).

The doing, or being guilty of, any of the acts above specified, by a public officer, works a forfeiture of his right to the office, and it only remains for the facts to be judicially determined and a judgment of ouster rendered by the proper court.

The statute provides three ways in which this action may be brought and prosecuted, viz.:

By information in the nature of *quo warranto*, which

should be in the name of the territory, on the relation of the county attorney or attorney general.

By accusation by the grand jury.

By complaint by the board of county commissioners or by any person in his own name.

The law makes it the duty of the county clerk, after certain conditions have been performed by the applicant, to issue liquor license on payment of a specified sum of money into the county treasury. The applicant is not entitled to a license until this payment is actually made to the county treasurer. The law fixes the terms upon which an applicant may procure a license to sell liquor, and there is no authority vested in any officer to change or modify the statute. The license may be for a less time than a year, but no less sum than the annual license fee can be accepted for either a long or short time.

The county clerk, in this case, is charged with having issued liquor licenses to applicants without requiring the payment of any sum to the county treasurer, and it is alleged that he accepted a sum himself from the applicant less than the required fee, and this sum he failed to pay over to the treasurer.

This was a clear violation of his duties as a public officer and one that could not have been committed, except knowingly and wilfully. Wilful misconduct and violation of the statutory duties of office is maladministration in office, and is such a disregard of official duties as will, under the statutes, forfeit the right to the office and its emoluments, and, under the law as it existed at the time this proceeding was commenced, an information in the nature of *quo warranto* was the proper mode of having the office declared vacant. The authorities cited by counsel for plaintiff in error are not in point, as ours is purely a

statutory proceeding and is governed alone by the statute in a case of this character.

The evidence fully sustains the verdict and the judgment of the court was warranted by the law.

It is contended that Bradford might have been charged with the crime of embezzlement if he was authorized to collect the funds for the county, and if not, he could not be held liable to the county, and, in any event, the licenses were void, the treasurer never having been paid for same. If all these propositions are conceded it can make no difference in this case. It is immaterial whether Bradford collected the money for the county and embezzled the funds; accepted the money paid him as bribes from the parties who procured the licenses, accepted it as a loan, or took it in good faith with the purpose to pay it into the county treasury.

He is not being sued for the funds or on his bond for malfeasance, nor is he being prosecuted for any criminal offense. The charge is that he forfeited his office by having done acts which by the provisions of the law worked a forfeiture of said office, and having been found guilty, the court was required to render a judgment of ouster and deprive him of said office.

We find no error in the record. The judgment is affirmed at the costs of the plaintiff in error.

Justice Scott not sitting; all the other Justices concurring.