## PHILLIPS v. STATE.

No. 10328—Opinion Filed June 3, 1919.

(Syllabus by the Court.)

**1. Elections—Betting on Election—Offense.**

Making a bet or wager upon the result of an election of a subdivision less than the whole territory in which the vote is cast is a violation of section 2108, Revised Laws of Oklahoma of 1910.

**2. Officers—Removal—Construction of Statutes—Habitual or "Willful Neglect of Duty."**

Under subdivision 1 of section 5592, providing for a removal of an officer from office for a "habitual or willful neglect of duty," held, a willful neglect of duty means that the act or failure to act was for a bad or evil purpose, or when the officer conscientiously acts or fails to act contrary to a known duty, he must be guilty of some conscious wrong or inexcusable carelessness or recklessness in the discharge or a failure to discharge an official duty. Mere thoughtless acts, with no bad or evil purpose, in which there is no inexcusable carelessness or recklessness on the part of an officer, will not justify a removal on the ground of habitual or willful neglect of duty.

**3. Same—Verdict—Evidence.**

The jury must believe from the evidence beyond a reasonable doubt the truthfulness of the accusation against an officer before a verdict can be returned against him.

Error from District Court, Bryan County; Cham Jones, Assigned Judge.

John A. Phillips was convicted of betting upon an election, and there was a judgment removing him from his office as sheriff of Bryan county. His motions for a new trial and in arrest of judgment were overruled, and he brings error. Reversed and remanded with directions to set aside the order removing defendant from his office and to dismiss the cause.

Utterback & MacDonald, C. A. Welch, and J. G. Ralls, for plaintiff in error.

S. P. Freeling, Atty. Gen., C. W. King, Asst. Atty. Gen., and Hayes & McIntosh, for the State.

HIGGINS, J. A grand jury of Bryan county presented an accusation against John A. Phillips, its sheriff, containing 11 counts. Upon trial plaintiff in error was convicted upon count No. 1, but was acquitted upon all the other counts. A motion for a new trial and a motion in arrest of judgment were each overruled, to which exceptions were taken. The court entered its judgment removing the plaintiff in error from the office of sheriff of his county, from which judgment an appeal was lodged in this court.

Count No. 1, upon which plaintiff in error was convicted, alleges in substance that in the year 1918 two men (naming them) were candidates for the nomination of Governor on the Democratic ticket, and that plaintiff in error bet with one W. L. Townsend that in the city of Durant one of these candidates would not receive twice the number of votes that the other candidate would receive. The statute claimed to have been violated is set forth in section 2108, Revised Laws of Oklahoma of 1910, and is as follows:

"Any person who makes, offers or accepts any bet or wager upon the result of any election, or upon the success or failure of any person or candidate, or upon the number of votes to be cast either in the aggregate, or for any particular candidate, or upon the vote to be cast by any person, or upon the decision to be made by any inspector or canvasser, of any question arising in the course of an election, or upon any event whatever depending upon the conduct or result of an election, is guilty of a misdemeanor."

The prosecution for the removal of the plaintiff in error appears to have been commenced under the general statutes for the removal of officers, as set forth in article 4 of Procedure Criminal of the Revised Laws of Oklahoma of 1910, and the cause for removal upon the ground set forth in subdivision 1 of section 5592, supra, wherein it is provided that an officer may be removed from office for a "habitual or willful neglect of duty."

The case is briefed by the plaintiff in error on the theory that, unless the bet was upon general results of the governorship election, then no crime had been committed, and is briefed by the defendant in error on the theory that a bet upon the results of an election by a sheriff is a willful neglect of duty in contemplation of the statute and as set forth in subdivision No. 1 of the statute quoted above. As this prosecution appears to have been commenced under article 4, Procedure Criminal, supra, chapter 205 of the Sessions Laws 1917, mentioned in briefs, is not applicable to the case at bar.

The contention of plaintiff in error that a bet upon the result of the vote of the city of Durant, and not upon the final result of the vote of the whole state, in a governorship election or nomination, is not a violation of section 2108, above, we believe is untenable and not the law, and that no reasonable construction of the statute will justify such construction.

The only other question in this case left for the consideration of this court is the one presented by defendant in error that it is a willful neglect of duty for a sheriff

to bet on the result of an election and fail to report it. It is not every neglectful official act of an officer that will authorize his removal. The word "willful" is not without meaning. Let us examine the authorities as to the meaning of "willful," as applies to an act of an officer. 22 Ruling Case Law, 281, in discussing the subject, states:

"An act is considered done willfully when it is done with a bad or evil purpose, or when the officer conscientiously acts contrary to a sworn duty; but conduct may be voluntary, thoughtless, or even reckless, without necessarily being willful."

Defining "wilfulness" in an action to remove an officer, the Iowa court used the following language:

"Every voluntary act of a human being is intentional; but, generally speaking, a voluntary act becomes willful in law only when it involves some degree of conscious wrong or evil purpose upon the part of the actor, or at least an inexcusable carelessness on his part, whether the act be right or wrong." State v. Meek, 148 Iowa, 671, 127 N. W. 1023, 31 L. R. A. (N. S.) 566, Ann. Cas. 1912C, 1075.

In Bradford v. Territory, 2 Okla. 228, 37 Pac. 1061, Chief Justice Burford held that where a county clerk issued a saloon license, collected less than the statutory fee, and kept it, he had willfully neglected his official duties. We are under the belief, from the authorities quoted, that willful neglect of an officer, authorizing his removal, means neglect in the relation to the duties of his office, willful in its character.

In order to decide whether the acts of an officer are willful, it is necessary to examine the facts as disclosed by the evidence. In the instant case, the plaintiff in error and Mr. Townsend met at his store, and a bet of $10 against $20 was made as herein stated. The record is silent as to what was said or done at the time the bet was made or prior thereto, but does show what was done immediately thereafter. Mr. Townsend testified as follows:

"Q. Now, tell the jury what took place and was said between you immediately thereafter. A. Well, I followed him up to the American National. I was a little mad at him. He was talking to some one, I think it was Prof. Harris, and told him I would like to bet some more money.

"Q. What took place? Tell the whole story. A. Well, he said he did not want to bet; that he was sorry he had bet, and asked me to please 'let's call the bet off.'

"Q. What else was said? A. I wanted to bet more, $500 or $1,000. Friends of mine told me to bet $10,000 if he had the money.

"Q. What did John say? A. Well, he said he did wrong; that he did not want to bet. He said, 'Let's call it off'; and I said, 'No, sir.'"

In view of the fact, as shown by the record, that the result of the vote showed the judgment of the sheriff formed previously thereto to have been a correct one, we shall take it for granted, without fear of successful contradiction, that Mr. Townsend now believes that there was much virtue in the sheriff's statement that it was wrong to bet on an election.

In case of Maben v. Rosser, 24 Okla. 588, 103 Pac. 674, it is stated that the degree of proof required is the same as required in the trial of a misdemeanor, so, in a cause to remove an officer, the jury must believe from the evidence in the case, beyond a reasonable doubt, that the officer is guilty of the charge, and in the instant case the jury must believe from the evidence beyond a reasonable doubt that the failure of the sheriff to arrest Mr. Townsend for betting with him was for a bad or evil purpose, or that he obstinately refused to act when he was conscious of a known duty. If his failure to act at the time was on account of a want of thoughtfulness, then he would not be guilty of a willful neglect of duty. One's personal observation convinces us that men are too quick to bet on a result of an election, usually do so in crowds, under excitement, with no thought that their act is a violation of law. Under the general law for removal of officers, stated above, acts constituting a misdemeanor are not necessarily grounds for removal. Betting by the sheriff would be misconduct on his part, personal in its nature, for which prosecution could be had against him, the same as against any other citizen. The neglect of official duty would be his failure to arrest Mr. Townsend after betting with him.

Betting on the result of an election is wrong, and is to be condemned. We believe, from the record in the instant case, that the act of the sheriff in betting on an election, and his failure to arrest the one against whom he bet, was a thoughtless act, and that there is total lack of evidence showing beyond a reasonable doubt that in so doing he was guilty of "willful neglect of official duty."

The cause is reversed and remanded, with instructions to the trial court to set aside the order removing the officer and to dismiss the cause.

OWEN, C. J., and SHARP, PITCHFORD, and McNEILL, JJ., concur.