### BOWLES v. STATE.

No. 13599—Opinion Filed May 1, 1923.

Rehearing Denied June 19, 1923.

(Syllabus.)

1. **Grand Jury—Jurisdiction—Removal of Officers—Statutes.**

Chapter 205, Session Laws 1917, is a cumulative statute, its purpose being to prescribe additional causes for removal from office, and actions thereunder shall be commenced in the name of the state, on relation of the Attorney General. Said act does not have the effect of depriving the grand jury of jurisdiction to present accusations charging any public officer, not subject to impeachment, with any of the causes for removal mentioned in section 5592, Rev. Laws 1910.

2. **Municipal Corporations—Removal of Officers—"Willfulness" of Acts—Jury Question.**

In an action to remove a city officer for habitual or willful neglect of duty or willful maladministration, the willfulness of the acts charged is a question for the jury.

Error from District Court. Bryan County; B. C. Logsdon, Judge.

Action by the State of Oklahoma against R. P. Bowles for removal from office. From a judgment of removal, defendant appeals. Affirmed.

Utterback & MacDonald, for plaintiff in error.

Victor C. Phillips, Co. Atty., Geo. F. Short, Atty. Gen., N. W. Gore, Asst. Atty. Gen., and Hayes & McIntosh, for defendant in error.

NICHOLSON, J. This was an action by the state against R. P. Bowles, as defendant, seeking to remove the defendant from the office of mayor of the city of Durant, in Bryan county.

The prosecution was instituted after the defendant had been charged by accusation of the grand jury with various offenses. The accusation contained five counts, to each of which the defendant demurred, which demurrer was by the court overruled. At the conclusion of plaintiff's evidence, the court sustained the defendant's demurrer to the evidence as to counts Nos. 4 and 5, but overruled said demurrer as to counts Nos. 1, 2, and 3. The jury by its verdict found the defendant guilty as charged in count No. 2, and not guilty as charged in counts Nos. 1 and 3. Upon this verdict judgment was duly entered removing the defendant from office, and from this judgment he has appealed, and presents two propositions, the first being that the court erred in overruling his demurrer to the accusation. The portion of the accusation necessary to notice is as follows:

"* * * In the name and by the authority of the state of Oklahoma, do present, find, accuse and charge that in said county of Bryan and state of Oklahoma, one R. P. Bowles was during all of the time herein named, the duly elected, qualified and acting mayor of the city of Durant, county of Bryan, state of Oklahoma, and that said R. P. Bowles then and there being such mayor of the city of Durant, Bryan county, state of Oklahoma, and duly acting as such is guilty of habitual and willful neglect of duty, corruption in office and willful maladministration in office in the manner and form as follows:

"Count Number Two.

"And the grand jurors aforesaid, on their oath aforesaid do further present and find, accuse and charge that R. P. Bowles the duly elected, qualified and acting mayor of the city of Durant, Bryan county, state of Oklahoma, unlawfully, willfully and wrongfully fail, refuse and negect to make out and file with the city clerk of the city of Durant, Bryan county, state of Oklahoma, his monthly report giving in detail the amount of fines and costs assessed and collected by

him as mayor of the city of Durant as required by law for the following months, to wit: For the months of May, June, July, August, September, October, November and December, 1921, and for the months of January and February, 1922, during all of which time the said R. P. Bowles was the duly elected, qualified and acting mayor of the city of Durant, and as such mayor it was incumbent upon the said R. P. Bowles to perform the duties of the police judge of the said city of Durant; all of which was contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state of Oklahoma."

The demurrer to this count raised the question of the authority and jurisdiction of the grand jury to present the accusation, it being the contention of the defendant that he could only be proceeded against under the provisions of chapter 205, Session Laws 1917, generally known as "the Attorney General's Bill," which defines official misconduct within the meaning of that act as "any wrongful failure or neglect to diligently and faithfully perform any duty enjoined upon such officer by the laws of this state", and which act makes it the duty of the Attorney General to institute and prosecute proceedings to oust such offending officer from office.

It appears that the prosecution herein was instituted and conducted under sections 5592-5608, Rev. Laws 1910. Section 5592 provides that any officer, not subject to impeachment, elected or appointed to any state, county, township, city, town, or other office under the laws of the state may be removed from office for any of the causes therein named, the first of which is "habitual or willful neglect of duty," and the sixth being "willful maladministration."

Section 5593 provides that an accusation charging the officer with any of the causes for removal mentioned in the preceding section may be presented by the grand jury to the district court of the county in or for which the officer was elected or appointed; the remaining sections mentioned prescribing the procedure after the accusation is returned.

Therefore, the question for determination is, whether or not the causes for removal charged in the accusation fall within the provisions of section 5592, supra. If they do, then the grand jury had the power to present the accusation, and the prosecution could be properly maintained thereunder.

Section 662, Revised Laws 1910, referring to police courts in cities, provides:

"The police judge shall, within the first three days of each month, make out a list of all the cases heard or tried before him as police judge during the preceding month, giving in each case the name of the defendant, the fine imposed, if any, the amount of costs (showing the amount taxed in favor of each officer), the names of the defendants committed, the causes appealed to the district court, and the amount collected by him as fine and costs separately. Such judge shall verify such list and statement by affidavit, and file the same forthwith with the city clerk, who shall lay the same before the city council at the first session thereafter; and the police judge shall, within the three days aforesaid, pay to the city treasurer the full amount of all fines collected by him for violation of city ordinances during the preceding month, less only the amount of cost legally taxed for himself and the marshal, or other officers serving process, in cases where the defendant on hearing or trial was found not guilty and discharged. He shall take from the city treasurer duplicate receipts for the amount of fines so paid, one of which he shall file with the city clerk. If the police judge shall thereafter collect any cost so retained, he shall state such fact and the amount thereof in his next monthly report and pay the same to the city treasurer, taking and filing receipts therefor, as aforesaid."

By chapter 41, Sess. Laws 1913, the office of police judge in cities of 12,000 population or less was abolished, and by section 2 of said act it is provided that:

"The mayor of such cities, as defined by the first section of this act, shall have the same powers as are now possessed by the police judge of said cities and shall perform the same duties as are now imposed upon such police judge, in addition to all other duties now required by law of such mayor."

So that it was the duty of the defendant to make the monthly reports required by section 662, supra, and the accusation charged that he was guilty of habitual and willful neglect of duty and maladministration in that he failed, neglected, and refused to make and file with the city clerk such reports for the months of May, June, July, August, September, October, November, and December, 1921, and January and February, 1922.

The defendant in error relies upon the case of State v. Davenport, 79 Okla. 297, 193 Pac. 419, wherein it was held that the grand jury had no jurisdiction or authority to present an accusation to the district court for removal of an officer for causes enumerated in subdivision 3, sec. 3, ch. 205, Sess. Laws 1917, which reads:

"Committing any act constituting a violation of any penal statute involving moral turpitude."

It was admitted that the accusation in that case did not charge a violation of any

provision of section 5592, supra, and in that situation the court held that the grand jury was without jurisdiction. But the court also there held that chapter 205, Sess. Laws 1917, was a cumulative statute, and did not attempt to repeal the general law for the removal of officers. This being true, it follows that the grand jury had the power to present an accusation charging the doing of any of the acts enumerated in section 5592, and as the accusations presented in the case at bar charged the first and sixth causes for removal contained in said section, the trial court did not err in overruling the demurrer to this count of the accusation.

The next contention made is that the court erred in overruling the demurrer to the evidence interposed by the defendant, and in refusing the peremptory instruction requested by him, this for the reason that the state failed to show that the defendant acted maliciously in failing, neglecting, and refusing to make and file the reports required by law, and failed to show that he did this for the purpose of concealing any fraud.

The accusation did not charge that the defendant acted maliciously, but charged him with habitual and willful neglect of duty and willful maladministration in office. This was all that was required; and it being proven by the state, and admitted by the defendant, that he did not make the reports required, the question of his intent, or the willfulness of his acts in this regard, was for the determination of the jury (State ex rel. Meek, 148 Iowa, 671, 127 N. W. 1023, 24 Am. & Eng. Cas. 1075); and as the defendant in his testimony admitted that he had collected the sum of $909.50 fines and costs in excess of the amount paid over to the city treasurer, and as his testimony showed that he had misapplied at least the greater portion of these funds, the jury was justified in drawing the inference that he willfully failed and refused to make the reports with the intent and for the purpose of concealing his misapplication of these funds.

In Bradford v. Territory, 2 Okla. 228, 37 Pac. 1061, the territorial Supreme Court, in construing a section of the statutes almost identical with section 5592, supra, held:

"The acts done by a county officer to warrant his removal from office need not be such as would subject him to a criminal prosecution, but any acts done knowingly in violation of his statutory duties are sufficient to constitute such maladministration as will forfeit his right to said office."

The defendant was bound to know that it was his duty to file these reports, and the facts disclosed by the record show that his failure to do so was a clear violation of his duties as a public officer, and that he could not have failed in his duty otherwise than knowingly and willfully. Such failure, in our opinion, constituted both "habitual and willful neglect of duty" and "willful maladministration", and the trial court acted properly in overruling the demurrer to the evidence, and in refusing to give the peremptory instruction requested.

The judgment is affirmed.

JOHNSON. C. J., and McNEILL, BRANSON, and MASON, JJ., concur.