2012 OK 51

In the Matter of Pawnee County Grand Jury.

STATE of Oklahoma, Plaintiff/Appellee,

v.

Roger Lee PRICE, Defendant/Appellant.

No. 109,039.

Supreme Court of Oklahoma.

June 5, 2012.

---

Danny G. Lohmann, Assistant District Attorney, Fairview, Oklahoma, for Plaintiff/Appellee.

Stanley D. Monroe, Stephen G. Layman, Tulsa, Oklahoma, for Defendant/Appellant.

KAUGER, J.:

¶ 1 The three issues presented on certiorari are [1] whether the trial court: 1) properly allowed the State to prove two of the three factually alleged inappropriate acts in the grand jury's accusation for removal of an elected state official from office for wilful neglect of duty; 2) improperly modified the jury instructions regarding wilful neglect of duty; and 3) erred in denying the motion for a demurrer to the evidence/directed verdict.

¶ 2 We hold that: 1) there was no error under the facts presented in allowing the State to prove only two of the three alleged acts of wilful conduct when seeking removal of the sheriff; 2) the trial court properly modified the proposed jury instructions to conform to the evidence presented; and 3) the trial court did not err in denying the motion for a demurrer to the evidence/directed verdict.

## FACTS

¶ 3 The voters of Pawnee County, Oklahoma, elected the defendant/appellant, Roger Lee Price (Price/sheriff), Sheriff of Pawnee County. He first assumed office in January of 2005. By 2010, District Judge Jefferson Sellers requested a grand jury be convened regarding the sheriff's conduct. In September of 2010, the grand jury convened and, on September 29, 2010, it filed an "Accusation for Removal" in the District Court of Pawnee County.

¶ 4 The grand jury determined that Price knowingly, wilfully, and unlawfully committed misconduct in office through acts of wilful neglect of duty.[2] One act was alleged to

---

**1.** Several issues were raised in the petition in error which have either been consolidated or waived. *Oklahoma Urban Renewal Authority v. City of Oklahoma City*, 2005 OK 2, ¶ 7, fn. 9, 110 P.3d 550; *Johnson v. Ford Motor Co.*, 2002 OK 24, ¶ 1, n. 2, 45 P.3d 86; *Hadnot v. Shaw*, 1992 OK 21, ¶ 7, 826 P.2d 978. Naked argument unsupported by facts or authority is without merit and will be treated as waived. *Tiger Flats Production Co. v. Oklahoma Petroleum Extracting Co.*, 1985 OK 105, ¶ 8, 711 P.2d 106. Okla. Sup.Ct. R. 1.11(k), 12 O.S.2011 App. 1, provides:

(1) Appeals. Issues raised in the Petition in Error but omitted from the brief may be deemed waived. Argument without supporting authority will not be considered.

**2.** Title 22 O.S.2011 § 1181 provides in pertinent part:

Any officer not subject to impeachment elected or appointed to any state, county, township, city, town, or other office under the laws of the state may, in the manner provided in this arti-

have occurred on September 11, 2006. It involved a female prisoner whom the sheriff released from jail without any bond or judicial authorization in violation of 21 O.S.2011 § 532.[3]

¶ 5 Another act was alleged to have occurred on July 25, 2007, when a person who was being sought on an arrest warrant issued by the trial court attempted to surrender himself at the Pawnee County Jail. Under the sheriff's direction, the suspect was turned away and was not booked into the jail in violation of 21 O.S.2011 § 533.[4] A third act was also alleged but this allegation was later dropped/not pursued by the State.

¶ 6 On September 29, 2010, the District Judge, pursuant to 22 O.S.2011 § 1195 suspended Price from office, pending a jury trial of the accusations.[5] The trial was held on November 1–3, 2010. At the conclusion of

the trial, a unanimous jury found the sheriff guilty of wilful neglect of duty for his conduct involving each of the alleged acts. Consequently, the trial court entered a final order and judgment on November 10, 2010, pursuant to 22 O.S.2011 § 1192,[6] removing the sheriff from office effective immediately. Price filed a motion for new trial which the trial court denied in an order filed on December 7, 2010.

¶ 7 The sheriff appealed on December 27, 2010. We retained the cause on February 15, 2011, before the briefing cycle was complete. The briefing cycle was completed on September 27, 2011, but the trial court record delivered to the Court did not contain the trial transcripts of the November 2010 trial as designated by Price. The trial transcripts were finally received by this Court on March 29, 2012.[7]

---

cle, be removed from office for any of the following causes:

First. Habitual or willful neglect of duty....
We note at the outset that all references to statutes are to the most recent version because nothing has materially changed since the sheriff's conduct occurred.

3. Title 21 O.S.2011 § 532 provides in pertinent part:

Any sheriff, coroner, clerk of a court, constable or other ministerial officer and any deputy or subordinate of any ministerial officer, who either:
1. Willfully or carelessly allows any person lawfully held by him in custody to escape or go at large, except as may be permitted by law;
...
shall be guilty of a felony.
Title 59 O.S.2011 § 1334 provides in pertinent part:
A. Any person in custody before a court or magistrate of the State of Oklahoma subject to discretion of the court, may be admitted to bail on his personal recognizance subject to such conditions as the court or magistrate may reasonably prescribe to assure his appearance when required.
...
C. Any person admitted to bail as herein provided shall be fully appraised by the court or magistrate of the penalties provided for failure to comply with the terms of his recognizance and, upon a failure of compliance, a warrant for the arrest of such person shall be issued forthwith.
Very limited circumstances exist for a sheriff to release an arrestee which are not present here. *See* 22 O.S.2011 § 209 and 1981 OK AG 103 for a discussion of those limited circumstances.

4. Title 21 O.S.2011 § 533 provides in pertinent part:

A. Except as provided in this section and Section 979a of Title 22 of the Oklahoma Statutes, for emergency medical treatment for an injury or condition that threatens life or threatens the loss or use of a limb, any peace officer or jail or prison contractor who, in violation of a duty imposed upon the officer or contractor by law or by contract to receive into custody any person as a prisoner, willfully neglects or refuses so to receive such person into custody is guilty of a misdemeanor....

5. Title 22 O.S.2011 § 1195 provides in pertinent part:

1) When the complaint for removal is filed, if, in addition to the matter charged as ground for removal, the complaint shall also pray that the officer charged be suspended from office pending the investigation, the judge of the court may, if sufficient cause appear from the charge or from the testimony, or affidavits then presented, order the suspension of the accused from the functions of his office until the determination of the matter....

6. Title 22 O.S.2011 § 1192 provides:

Upon a conviction, the court must pronounce judgment, that the defendant be removed from office. But to warrant a removal, the judgment must be entered upon the minutes, assigning therein the causes of removal.

7. The appellant bears total responsibility for including in the appellate record all materials necessary for corrective relief. *First Federal Savings & Loan Assoc. Chickasha, Oklahoma v. Nath,*

## ¶ 8 I.

### THERE WAS NO ERROR UNDER THE FACTS PRESENTED IN ALLOWING THE STATE TO PROVE ONLY TWO OF THE THREE ALLEGED ACTS OF WILFUL CONDUCT WHEN SEEKING REMOVAL OF THE SHERIFF.

¶ 9 The accusation for removal states three different acts or incidences/offenses which were the basis of the allegations of misconduct.[8] Price argues that the grand jury intended that all three allegations be considered together as the basis for removal. He argues that all three acts taken together must support the wrongful conduct for removal from office, or there is no basis at all to support any wrongdoing. Consequently, Price insists that the trial court erred in allowing the State to sever and eliminate one of the allegations on the eve of trial. The State, relying on the civil nature of the indictment process and pleadings contends that the sheriff's argument is meritless. We agree.

¶ 10 The Oklahoma Criminal Code, 22 O.S. 2011 ch. 23, provides the procedure to re-

move an elected official from office. The proceedings are governed pursuant to 22 O.S.2011 §§ 1181–97,[9] and removal proceedings are jury trials conducted as a misdemeanor criminal trial.[10] Nevertheless, this Court has recognized that removal proceedings are not to be judged as strictly as a criminal indictment.[11]

¶ 11 Historically grand jury accusations have been divided into separate counts much like a criminal indictment. For example, in *Bowles v. State*, 1923 OK 226, 215 P. 934, the State sought removal of the mayor of the city of Durant pursuant to a grand jury accusation of wilful neglect of duty. The accusation contained five separate counts of various offenses. During the trial, the trial court ruled in favor of a demurrer to the evidence concerning two counts, leaving three remaining counts for the jury to decide. The jury found the mayor guilty of one of the alleged counts. The mayor was removed from office for failing to file statutorily required monthly reports detaining fines and costs collected by the City.

¶ 12 In *Hutchison v. State*, 1957 OK 300, 318 P.2d 885, four separate counts were al-

---

1992 OK 129, ¶ 10, fn. 31, 839 P.2d 1336; *Hulsey v. Mid–America Preferred Ins. Co.*, 1989 OK 107, ¶ 7, 777 P.2d 932; *Eckel v. Adair*, 1984 OK 86, ¶ 7, 698 P.2d 921. The appellant bears the burden to monitor the case and verify that everything relied upon for appeal was provided to the Court as intended. *See*, Oklahoma Supreme Court Rules 1.33(c), 1.34(a) and 1.64, 12 O.S. 2011 Ch. 1 App. 1. Legal error may not be presumed from a silent record; it must be affirmatively demonstrated. On review, we always indulge in the presumption that a trial court's decision is correct; every fact not disputed by the record must be regarded as supporting the trial court's judgment. *First Federal Savings & Loan Assoc., Chickasha, Oklahoma v. Nath*, supra at ¶ 10; *Hamid v. Sew Original*, 1982 OK 46, ¶ 7, 645 P.2d 496.

8. A copy of the accusation is attached as an appendix to this opinion.

9. Title 22 O.S.2011 §§ 1181–97.

10. Title 22 O.S. § 1191 provides:

The trial must be by jury and conducted in all respects in the same manner as the trial of an indictment for a misdemeanor.
Title 22 O.S.2011 § 1196 provides:

The question of fact shall be tried as in other actions, and if the accused is found guilty, the judgment shall be entered removing the officer from his office and declaring the latter vacant, or as provided for in the code of criminal procedure, and a copy thereof shall be certified to the board of county commissioners, and the county clerk shall enter the same upon the proper record.

11. In *State ex rel. Grand Jury of McCurtain County v. Pate*, 1977 OK 232, ¶¶ 17–18, 572 P.2d 226, the Court noted that an accusation in writing is, in effect, an indictment charging the commission of a crime. *Pate* is not dispositive of this cause because it involved the specific question of whether grand juries' authorities to issue accusations had been repealed by a constitutional amendment giving grand juries power to investigate and return "indictments." It did not address whether the written accusations must be drafted and construed with the same stringency as a criminal indictment charging a crime punishable by something more than forfeiture from office. *Pate's* limited holding and application was later clarified and recognized in *Hale v. Board of County Comm'rs of Seminole County*, 1979 OK 158, ¶ 3, 603 P.2d 761 and *McCormack v. Town of Granite*, 1995 OK 105, ¶ 10, 913 P.2d 278. *See also, Rutter v. Territory of Oklahoma*, 1902 OK 13, ¶ 0, 68 P. 507.

leged against the county attorney which included: 1) habitual and wilful neglect of duty; 2) gross partiality in office; 3) corruption in office; and 4) wilful maladministration. Under each count various "charges" or "acts" of misconduct were alleged. The jury found the attorney guilty of gross partiality in office.

¶ 13 However, in *State v. Scarth*, 1931 OK 561, 3 P.2d 446, in the attempted removal of a board of county commissioner, the Court, relying on examples from California and North Dakota and noting support from other jurisdictions as well, explained in ¶¶ 8–9 that:

1) an accusation of a public officer for offenses brought for the purpose of removal was not an indictment and was not objectionable on the grounds that it contained more than one offense;

2) such an action is neither civil nor criminal, but a special practice to protect the public from corrupt officials;

3) the purpose is not to punish the offender as the case would be in a criminal prosecution for a crime;

4) due process is provided within the statutes governing the proceeding;

5) a defendant cannot stand on the technicalities which have been or may be devised in the testing and trial of a criminal indictment; and

6) unlike a criminal charge, there is no arrest, bail, fine or imprisonment, merely a speedy, accessible relief, on behalf of the people who have elected the official who is charged.

The Court concluded that a proceeding to remove an official from office is a special proceeding.[12] It also noted that the statutes for removal specify the procedure leading up to trial and where the procedure is not fully explicit, the civil procedure used by the courts is invoked. These cases predate the rules of pleading at the trial and appellate level which have been liberalized to allow courts to focus on the substantive merits of the dispute, rather than the procedural niceties.[13]

¶ 14 The statutory framework for cases brought under 22 O.S.2011 § 1181 has remained essentially the same since statehood. In this cause, the sheriff was accused of wilful neglect of duty.[14] The grand jury's accusation may include either a single act or multiple acts on which the removal proceedings are based.[15] There is no statutorily

**12.** In *Maben v. Rosser*, 1909 OK 211, ¶ 17, 103 P. 674 the Court said:

We are not impressed with the argument that this is a criminal action of the class of a misdemeanor. It is not defined to be such by any statutory provision. Our statutes provide that remedies in the courts are divided into two classes, to wit, actions and special proceedings. An "action" is defined to be an ordinary proceeding in a court of justice in which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. All other remedies are classed as "special proceedings." Actions are divided into two classes, to wit, civil and criminal. A "criminal action" is defined to be one prosecuted by the state as a party against a person charged with a public offense for the punishment thereof. Every other action is a "civil action." Section 4201 and 4206, Wilson's Rev. & Ann. St.1903. The class to which any proceeding belongs is determined by the relief sought and the judgment that can be rendered. A proceeding to remove an officer under article 4, Wilson's Rev. & Ann. St.1903, is not to punish for a violation of the penal laws. No judgment assessing a fine or imprisonment can be rendered in such action. The

purpose of it is to relieve the people from faithless, corrupt officers, who have violated their trust, by affording a speedy and adequate means for their removal. That its object is not to punish for an offense committed against the penal law is evidenced by the fact that the remedy it affords and the judgment that can be rendered in such action can only be availed of while the defendant occupies his office. If the offense be not discovered during the pendency of his term the action will entirely fail to serve the purpose of affording a punishment for the offense committed.

**13.** *Markwell v. Whinery's Real Estate, Inc.*, 1994 OK 24, ¶ 6, 869 P.2d 840.

**14.** Title 22 O.S.2011 § 1181 see note 2, supra.

**15.** Title 22 O.S.2011 § 1181.2 provides:

The complaint, petition, accusation or proceeding for removal or ouster from office may include allegations or charges of any act or acts of commission, omission or neglect which may be committed, done or omitted during the term of office in which such ouster or removal proceeding may be filed, and may also include allegations or charges as to any act or acts of commission, omission or neglect committed,

required form or format for an accusation of removal that must be used. Rather, the only guidelines are that the accusation must be written in ordinary, plain, non-repetitive, understandable language.[16] The accused may deny the truth of the allegations[17] or may object to their legal sufficiency,[18] and/or answer to the allegations.[19]

¶ 15 The Court thoroughly re-visited the accusation process nearly 50 years after *State v. Scarth,* supra, in *Russell v. Henderson,* 1979 OK 164, 603 P.2d 1132 when the grand jury of Wagoner County returned an accusation against the District Attorney alleging habitual or wilful neglect in office and gross partiality. Under the allegations of habitual or wilful neglect were seven instances/acts of neglect which were listed in addition to the one allegation of gross partiality in office. After a motion to dismiss was treated as a demurrer, the trial court sustained the motion but struck one paragraph of the accusation. The attorney appealed.

¶ 16 The *Russell* Court again reiterated: 1) the civil nature of the proceedings: and 2) the lack of strictly applied requirements of criminal indictments. However, the Court issued a writ of prohibition against the trial court proceeding because the underlying eight counts merely alleged conclusions and not, as required by the statutes, facts from which conclusions could be drawn by the jury. This is clearly not the case here.

¶ 17 While this accusation may not have been as artfully drawn as historical accusations have been, no particular form is re-quired. The accusation was written clearly, and it avoided repetition by refraining from restating the allegation of wilful neglect of duty before each act alleged. Like the allegations in *Russell,* one count of wilful neglect of duty was alleged supported by three incidences/acts or occurrences. The allegations specifically included clearly described facts which, if proven, a jury could have drawn the conclusion from any one of them that wilful misconduct had occurred.

¶ 18 Accordingly, we hold that the grand jury's accusation for removal from office which included multiple factually alleged inappropriate acts, did not require the State to pursue and prove every stated inappropriate act in order to prove the accusation of wilful misconduct of duty. There is no error in the trial court striking a particular factually alleged act if, on the eve of trial, the accused denied any of the alleged acts and the State determined that it lacked evidentiary support to prove one of them.

## ¶ 19 II.

## THE TRIAL COURT PROPERLY MODIFIED THE PROPOSED JURY INSTRUCTIONS TO CONFORM TO THE EVIDENCE PRESENTED.

■ ¶ 20 The grand jury's accusal included two specific incidents: 1) the release of a female prisoner to the custody of her mother without prior court approval and bail bond; and 2) neglecting to take custody of a suspect who, pursuant to an arrest warrant, presented himself at the jail. The accusation was

---

done or omitted during a previous or preceding term in such office.

Title 22 O.S.2011 § 1182 provides:

An accusation in writing, charging such officer with any of the causes for removal mentioned in the first preceding section may be presented by the grand jury to the district court of the county in or for which the officer is elected or appointed: Provided, that in the case of a state officer, such accusation may be presented by the grand jury of the county in which such officer resides, or in which he has his place of office for the usual transaction of official business.

16. Title 22 O.S. § 1183 provides:

The accusation must state the offense charged, in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended.

17. Title 22 O.S.2011 § 1188 provides:

If he deny the truth of the accusation the denial may be oral and without oath and must be entered upon the minutes.

18. Title 22 O.S.2011 § 1187 provides:

If he object to the legal sufficiency of the accusation the objection must be in writing but need not be in any specific form, it being sufficient if it present intelligibly the ground of the objections.

19. Title 22 O.S.2011 § 1189 provides:

If an objection to the sufficiency of the accusation be not sustained the defendant must answer the accusation forthwith.

made pursuant to 22 O.S.2011 § 1181 which does not specifically define habitual or wilful neglect of duty.[20]

¶ 21 Oklahoma Uniform Jury Instruction 3–27 Removal of Public Officer provides that a public officer may be removed from office for habitual or wilful neglect of duty.[21] Although neither this Court nor the statutes have provided a general or uniform definition of wilful neglect of duty,[22] the uniform instruction defines it as the failure to act with a bad or evil purpose **or** deliberately act contrary to a known duty.[23] The instruction also notes that mere thoughtless acts, with no bad or evil purpose, in which there is no excusable carelessness or recklessness on the part of the officer do not justify removal from office.

**20.** Title 22 O.S.2011 § 1181, see note 2, supra.

**21.** Oklahoma Uniform Jury Instruction, Ch. 3, § 27 provides in pertinent part:

> OUJI–CR 3–27
> REMOVAL OF PUBLIC OFFICER
> A/n [Identify Public Officer] may be removed from office for [any of] the following causes(s): [habitual or willful neglect of duty] . . .
> [Willful neglect of duty means that the [Identify Public Officer]'s act/(failure to act) was for a bad or evil purpose, or that the [Identify Public Officer] deliberately acted/(failed to act) contrary to a known duty. Mere thoughtless acts, with no bad or evil purpose, in which there is no inexcusable carelessness or recklessness on the part of a/n [Identify Public Officer] do not justify removal from office.] . . . .
> Statutory Authority: 22 O.S.1991, §§ 1181–1197.
> Notes on Use
> Since a proceeding for removal of a public officer is initiated by an accusation from a grand jury (or the board of county commissioners for a county or township officer), OUJI–CR 1–8 should be modified to remove the references to informations and indictments. See, 22 O.S.1991 §§ 1182 (grand jury), 1194 (board of county commissioners).
> The trial court should select the appropriate grounds for removal from office from the list in the first paragraph, and it should then give the definitions that correspond to the grounds that were selected.

**22.** Estes v. ConocoPhillips Co., 2008 OK 21, ¶ 17, 184 P.3d 518 [The term wilful does not have a uniform meaning throughout our statutes.]; Childers v. Independent School Dist. No. 1 of Bryan County, 1981 OK 123, ¶ 19, 645 P.2d 992 [There are no Oklahoma court decisions which

¶ 22 Because the State presented no evidence at trial that Price acted with a "bad or evil purpose" the trial court modified the instruction which was given to delete references to a "bad or evil purpose."[24] The sheriff argues that the trial court erred in altering the uniform instruction and that a "bad or evil purpose" is required. The State disagrees and insists that the trial court was required to alter the instructions to conform to the evidence presented.

¶ 23 Our definition of wilful neglect of duty has varied depending on the statutes in question.[25] Nevertheless, we must look at a statute's underlying intent and purpose to define it.[26] For example, recently in *Estes v. ConocoPhillips Co.*, 2008 OK 21, 184 P.3d

give a general definition of wilful neglect of duty.].

**23.** Oklahoma Uniform Jury Instruction 3–27 Committee Comments note that the definition is taken from criminal cases. It provides:

> A proceeding for removal of a public officer has attributes of both a criminal and a civil action. *State ex rel. Grand Jury v. Pate*, 572 P.2d 226, 228 (Okl.1977). Nevertheless, the trial is conducted in the same way as a misdemeanor trial. 22 O.S.1991, § 1191.
> The definitions of wilful neglect of duty and wilful maladministration were taken from *Phillips v. State*, 75 Okla. 46, 181 P. 713 (1919) (Syllabus 2) (wilful neglect of duty), and *Shields v. State*, 184 Okla. 618, 89 P.2d 756 (1939).

> We note that the comments refer to *Shields* as a criminal case but it is actually a civil case cited as *Shields v. State*, 1939 OK 203, 89 P.2d 756.

**24.** Instruction No. 21 which was given at the trial provides:

> A County Sheriff may be removed from office for willful neglect of duty. Willful neglect of duty means that the Sheriff deliberately acted or failed to act contrary to a known duty. Mere thoughtless acts, in which there is no inexcusable carelessness or recklessness on the part of the Sheriff, do not justify removal from office.

**25.** *Estes v. ConocoPhillips Co.*, see note 22, supra.

**26.** *Estes v. ConocoPhillips Co.*, see note 22, supra at ¶ 16; *Childers v. Independent School Dist. 1 of Bryan County*, see note 22, supra. *See, Simpson v. Oklahoma Alcoholic Beverage Control Board*, 1965 OK 206, 409 P.2d 364; *Oklahoma Alcoholic Beverage Control Board v. Milam*, 1964 OK 54, 393 P.2d 823.

518, we re-examined the meaning of "wilful" in the context of several acts. We said:

¶ 17 The term willful does not have a uniform meaning throughout our statutes. As the Court stated in *Wick v. Gunn*, 1917 OK 607, ¶ 3, 169 P. 1087, there are "numerous definitions of the word [willful] by both lexicographers and jurists." In the context of a willful violation of the Alcoholic Beverage Control Act, this Court held: "The word 'willfully' is of similar import or the equivalent of 'knowingly' [and] requires that the licensee at least have some knowledge of the commission of the prohibited acts." The Court held that a willful violation of the Open Meetings Act, "does not require a showing of bad faith, malice, or wantonness, but rather, encompasses both conscious, purposeful violations of the law and blatant or deliberate disregard of the law by those who know, or should know, the requirements of the [Open Meetings] Act."

¶ 18 When used to determine whether a Workers' Compensation claimant willfully fails to use safety equipment, this Court held that the term signifies "more than a mere act of the will, and carries with it the idea of premeditation, obstinacy, and intentional wrongdoing." Willful neglect of a teacher's duties is defined as "a knowingly and purposeful violation of a teacher's duties." Construing willful maladministration by a public officer, the Court held:

Every voluntary act of a human being is intentional; but, generally speaking, a voluntary act becomes willful in law only when it involves some degree of conscious wrong or evil purpose upon the part of the actor, or at least an inexcusable carelessness on his part, whether the act be right or wrong.

Because the term willful does not have a singular meaning, it must be construed within the confines of the Act in which it appears. (Footnotes omitted.)

¶ 24 *Estes* involved the meaning of "wilful" as it applies to a civil remedy for violations of the Standards for Workplace Drug and Alcohol Testing Act (the Act). It was urged that a wilful violation of the Act contemplated only conscious, purposeful violations of the Act, but not deliberate disregard of the laws by those who know or should have known of the Act's requirements.

¶ 25 The noted purpose of the Act was to provide standardized testing to assure due process. Although violators were subjected to criminal penalties of fines and imprisonment for wilful and knowing violations, civil remedies were provided as well. We determined that the meaning of wilful should not be treated synonymously in both the civil and criminal context because it would render the differing penalties meaningless. In the context of a civil remedy, the term wilful violation contemplated not only conscious, purposeful violations of the Act, **but also** deliberate disregard of the laws by those who know, or should have known, of the requirements of the Act.

■■■ ¶ 26 This civil/criminal dichotomy is also present in removal proceedings. Public officers may face criminal prosecution for violations of their statutory duties, but the civil remedy of removal from office is also available.[27] The purpose of the grand jury proceeding is the same as providing drug testing standards—assurance of due process.

¶ 27 In some of our prior decisions involving removal of public officers, the term "wilful" has been equated with requiring some sort of "bad or evil intent" to prove wilful conduct sufficient for removal.[28] However, in other cases, public officers have also been removed for deliberately disregarding the laws that the officer either knew or should have known were required to be followed.[29]

**27.** See discussion of *Maben v. Rosser*, note 12, supra, wherein the Court recognized removal was not a criminal punishment, but serves to relieve people from faithless, corrupt officers.

**28.** *Shields v. State*, 1939 OK 203, ¶ 16, 89 P.2d 756 suggests a bad intent is required.

**29.** In *Bowles v. State*, 1923 OK 226, 215 P. 934 the mayor of Durant was removed from office where the accusation did not suggest that he acted maliciously but the evidence showed that: 1) he "was bound to know that it was his duty" to file monthly reports; 2) the facts disclosed that his failure to file reports was a clear violation of his duties as a public officer; and 3) he could not have failed in his duty otherwise than knowingly and wilfully. *Bradford v. Territory ex rel. Woods*, 1894 OK 11, 37 P. 1061 held that acts need not

In others, their actions were determined to be merely thoughtless, but not sufficient for removal from office.[30]

¶ 28 These prior cases, taken collectively, illustrate precisely what we concluded in *Estes*, supra,—that the term "wilful" involved a showing of acts which were done **either** with a bad or evil intent **or** were contrary to a known duty, or the inexcusably reckless performance an official duty, but not necessarily both. Clearly, something more than a reckless error of judgment is required, but a "bad or evil intent" is not required when the conduct is shown to be a deliberate disregard of the laws by those who know, or should have known of their statutory duties.[31]

¶ 29 The uniform jury instruction relating to removal takes this construction into account by referencing **either** a bad or evil purpose, **or** that a deliberate act or failure to

---

30. *Phillips v. State*, 1919 OK 168, 181 P. 713 involved a sheriff who bet on an election which was illegal and failed to arrest the person he placed the bet with who also illegally bet. The court determined that the sheriff's actions were thoughtless but did not rise to the level of wrongdoing to subject him to removal from office.

31. Title 19 O.S.2011 § 513 sets forth sheriff's duties regarding the custody of prisoners in the county jail as:

The sheriff shall have the charge and custody of the jail of his county, and all the prisoners in the same, and shall keep such jail himself, or by his deputy or jailer, for whose acts he and his sureties shall be liable.

Pursuant to 21 O.S.2011 § 532, see note 3, supra, a sheriff is subject to criminal sanctions for the failure to perform duties concerning the keeping of prisoners. Title 21 O.S.2011 § 533, see note 4, supra. See also 21 O.S.2011 § 538 which provides:

Every person who, after having been lawfully commanded by any magistrate to arrest another person, willfully neglects or refuses so to do, is guilty of a misdemeanor.

32. *Whiteaker v. State*, 1911 OK 452, 119 P. 1003. For a discussion of the lack of authority for a sheriff to release a prisoner without an appearance before the court, see 1980 OK AG 1 and 1981 OK AG 103. A county sheriff has statutory responsibility for the custody of prisoners in the

---

act contrary to a known duty. A sheriff who discharges a prisoner without proper authority flagrantly violates a sheriffs' duties.[32] The release of a person on personal recognizance is a judicial function.[33]

[12–14] ¶ 30 Here, it is agreed by the parties that the State did not present any evidence of bad or evil intent. Jury instructions are required to state the law applicable to the evidence.[34] The Oklahoma statutes recognized that the uniform instructions may need to be modified to accurately state the law.[35] When reviewing jury instructions, the standard of review considers the accuracy of the statement of the law and the applicability of the instructions to the issues when the instructions are considered as a whole.[36] A jury instruction materially deviating from the dispositive legal issue is considered prejudicial.[37] Under the evidence presented, and the facts alleged, the trial court properly

---

be such that would subject the public officer to criminal prosecution, but any acts done knowingly in violation of a statutory duty are sufficient to constitute maladministration to forfeit right to office.

county jail. 57 O.S.2011 § 47 and 19 O.S.2011 § 513. *See also*, 57 O.S.2011 §§ 48, 61–62 regarding the sheriff's record keeping duties related to jails.

33. Title 59 O.S.2011 § 1334; Title 22 O.S.2011 § 1105; Title 22 O.S.2011 § 209.

*See also* general discussion in 1980 OK AG 1 of the various duties of the sheriff and the trial court.

34. *Mosley v. Truckstops Corp. of America*, 1993 OK 79, ¶ 9, 891 P.2d 577.

35. Title 12 O.S.2011 § 577.2 provides in pertinent part:

Whenever Oklahoma Uniform Jury Instructions (OUJI) contains an instruction applicable in a civil case or a criminal case, giving due consideration to the facts and the prevailing law, and the court determines that the jury should be instructed on the subject, the OUJI instructions shall be used unless the court determines that it does not accurately state the law. Whenever OUJI does not contain an instruction on a subject on which the court determines that the jury should be instructed, the instruction given on that subject should be simple, brief, impartial and free from argument. . . .

36. *Mosley v. Truckstops Corp. of America*, see note 34, supra.

37. *Fletcher v. Monroe*, 2009 OK 10, ¶ 13, 208 P.3d 926; *Simpson v. Gear*, 1986 OK 27, ¶ 7, 725 P.2d 1241.

modified the proposed jury instruction to conform to the evidence presented.[38]

## ¶ 31 III.

### THE TRIAL COURT DID NOT ERR IN DENYING THE MOTION FOR A DEMURRER TO THE EVIDENCE/DIRECTED VERDICT.

■ ¶ 32 The sheriff argues that because the State did not present any specific, direct evidence that the sheriff knew that he was violating the law by his actions, it should have granted the motion to demur to the evidence and given a directed verdict in his favor. The State contends that it presented ample circumstantial and direct evidence proving that the sheriff wilfully neglected his known duty.

■ ¶ 33 The test of a demurrer to the plaintiff's evidence requires both the trial court and the reviewing court to accept as true all of the plaintiff's evidence and its reasonable inferences, and to disregard conflicting evidence favorable to the defendant.[39] A demurrer to the plaintiff's evidence should be sustained only when there is an entire absence of proof.[40]

¶ 34 This cause is similar to *Bowles v. State*, 1923 OK 226, 215 P. 934. In *Bowles*, the Mayor of the City of Durant neglected to file statutorily required monthly reports for several months and removal from office was sought. The court stated in ¶ 15 that:

> The defendant was bound to know that it was his duty to file these reports, and the facts disclosed by the record show that his failure to do so was a clear violation of his duties as a public officer, and that he could not have failed in his duty otherwise than knowingly and willfully. Such failure, in our opinion, constituted both "habitual and willful neglect of duty" and "willful maladministration," and the trial court acted

properly in overruling the demurrer to the evidence, and in refusing to give the peremptory instruction requested.

¶ 35 Here, it is unnecessary to regurgitate all of the State's evidence. We have reviewed the record and the evidence was ample, both circumstantial and direct, that the sheriff knew his duties regarding the jail as well as the procedures for releasing and booking inmates. Like the mayor in *Bowles*, the sheriff could not have failed in his duty otherwise than knowingly and wilfully. The trial court did not err in denying the sheriff's motion for demurrer to the evidence/directed verdict.

### CONCLUSION

¶ 36 Accusations for removal are not required to be in any particular form or format. Nor are they subject to the same strictures of a criminal indictment.[41] There was no error under the facts presented in allowing the State to pursue only two of the three alleged acts of wilful conduct when seeking removal of the sheriff.

¶ 37 Jury instructions are required to conform to the evidence presented.[42] Because no evidence of bad or evil intent existed, the trial court properly modified the proposed jury instructions to conform to the evidence. The circumstantial and direct evidence presented, was clearly sufficient to withstand a motion for demurrer and/or directed verdict for the sheriff. The trial court's removal of the sheriff of Pawnee County is affirmed.

### MOTION TO RETAIN PREVIOUSLY GRANTED; TRIAL COURT AFFIRMED.

TAYLOR, C.J., COLBERT, V.C.J., KAUGER, WATT, EDMONDSON, COMBS, GURICH, JJ., concur.

REIF, J, dissents.

WINCHESTER, J., not participating.

---

**38.** Our resolution of this issue is also dispositive of the sheriff's argument regarding the verdict forms. No third option exists for the jury to determine that the sheriff's conduct met the definition of wilful neglect of duty but did not rise to the level necessary for removal of office. The jury is only charged with determining whether the State proved such conduct or not.

**39.** *Beshara v. Southern National Bank*, 1996 OK 90, ¶ 15, 928 P.2d 280; *Gay v. Hartford Underwriters Ins. Co.*, 1995 OK 97, ¶ 12, 904 P.2d 83; *Hampton v. Hammons*, 1987 OK 77, ¶ 16, 743 P.2d 1053.

**40.** *Beshara v. Southern National Bank*, see note 39, supra; *Hampton v. Hammons*, see note 39, supra; *Boyles v. Oklahoma Natural Gas Co.*, 1980 OK 163, ¶ 6, 619 P.2d 613.

**41.** See discussion pages 9–10, infra.

**42.** *Mosley v. Truckstops Corp. of America*, see note 34, supra.

## Appendix

### IN THE DISTRICT COURT IN AND FOR PAWNEE COUNTY

#### STATE OF OKLAHOMA

IN THE MATTER OF THE  )
PAWNEE COUNTY GRAND JURY  )
                          )
                          )   Case No. CV-2010-12
STATE OF OKLAHOMA,        )       CV-2010-19
                Plaintiff, )
                          )
vs.                       )
                          )
ROGER PRICE,              )
                Defendant. )

FILED
In the District Court
PAWNEE COUNTY, OKLAHOMA

SEP 2 9 2010

JANET DALLAS, Court Clerk
BY_____ DEPUTY

#### ACCUSATION FOR REMOVAL

On the 7th day of September, 2010, by order of the Pawnee County District Court, the Pawnee County Grand Jury was convened to serve from that day until such matters pending before said county Grand Jury are fully investigated. Said Grand Jury is composed of good and lawful men and women, legally drawn and summoned according to law and then and there examined, impaneled, sworn and charged according to law to diligently inquire into all matters properly presented before the Grand Jury concerning public offenses against the State of Oklahoma and having been committed in Pawnee County, do present and find cause for removal as described fully herein.

That all times relevant **ROGER PRICE**, has been and presently is the duly elected Sheriff for Pawnee County, Oklahoma. That **ROGER PRICE** did knowingly, willfully, and unlawfully commit misconduct in office, to-wit:

#### WILLFUL NEGLECT OF DUTY

On or about the 11th day of September, 2006, **ROGER PRICE** did knowingly and willfully in violation of 21 O.S. 532 allow a person lawfully held in his custody to go at large without having made bond and without the permission of any Judge of the District Court of Pawnee County, in that

[text redacted]

[text redacted]

illegal.

On or about the 19th day of October, 2006; a certain **BRAD ARIC SHORT** was arrested and had bond duly set by the Court in the amount of $2,000 dollars, **ROGER PRICE** unlawfully released **BRAD ARIC SHORT** from the custody of the Pawnee County Jail, in violation of 21 O.S. 532, without bond having been posted, or judicial authorization, on or about the 19th day of October, 2006, after having been advised that such conduct was illegal.

On or about the 25th day of July, 2007, a certain **DAVID CANTLEY** surrendered himself to the Pawnee County Jail pursuant to a warrant issued by the Court for the arrest of **DAVID CANTLEY**. **ROGER PRICE** having been informed that it was his legal duty to perform such arrest, refused to accept **DAVID CANTLEY** into his jail in violation of 21 O.S. 533.

**WHEREFORE** all premises considered, the Pawnee County Grand Jury prays that **ROGER PRICE**, the Sheriff of Pawnee County, Oklahoma, be removed from office pursuant to 22 O.S. 1181 for the heretofore stated causes. Further the Grand Jury of Pawnee County respectfully requests that the District Court order the immediate suspension of **ROGER PRICE** from the Office of the Pawnee County Sheriff pursuant to 22 O.S. 1195, pending trial of this accusation for removal.

Executed and submitted this 29th day of September, 2010.

_Lisa E Closdy_
**FOREMAN**

REIF, J., dissenting.

¶ 1 I respectfully dissent.

¶ 2 I would reverse the judgment removing Sheriff Price from office, because the jury was given an erroneous instruction on the issue of willful neglect of duty. Such error was fundamental because "willful neglect of duty" was the only ground for removal alleged against Sheriff Price.

¶ 3 The jury was erroneously instructed that a willful neglect of duty would occur if "the Sheriff deliberately acted or failed to act contrary to a known duty." This definition permitted the jury to find the Sheriff acted

in a willful manner if he did nothing more than act in a voluntary or intentional manner. Such a construction of "willful" was rejected long ago in *Phillips v. State*, 1919 OK 168, 181 P. 713.

¶ 4 In *Phillips*, this Court cited approvingly from an Iowa case that observed:

> Every voluntary act of a human being is intentional; but, generally speaking, a voluntary act becomes willful in law only when it involves some degree of conscious wrong or evil purpose upon the part of the actor....

*Id.* at ¶ 7, 181 P. at 714 (citing *State v. Meek*, 148 Iowa 671, 127 N.W. 1023, 1024 (Iowa 1910)). In *Phillips*, this Court determined that the act of a sheriff in betting on an election, and failing to arrest the person with whom the sheriff had bet, was "wrong, and to be condemned," but was not a willful neglect of duty.[1] That is, there was an absence of conscious wrong or evil purpose on the part of the sheriff in relation to the duties of his office.

¶ 5 Interpreting a "willful neglect of duty" as one involving a "conscious wrong or evil purpose" is also consistent with the context in which "willful neglect of duty" is used.[2] The term "willful neglect of duty" is one of eight enumerated causes for the removal of an office holder who is not subject to removal by impeachment. The other seven causes are:

— Gross partiality in office

— Oppression in office

— Corruption in office

— Extortion or willful overcharge of fees

— Willful maladministration

— Habitual drunkenness

— Failure to produce and account for all public funds and property in his hands at any settlement or inspection authorized or required by law.

*See* 22 O.S.2011 § 1181. With the exception of "Habitual drunkenness" and "Failure to produce and account," all of these causes involve "conscious wrong or evil purpose."

¶ 6 Finally, removal from office is a penalty for wrongdoing, regardless of how it is procedurally achieved (i.e. special proceeding vs. civil action). The end result is a forfeiture authorized by statutory law. Penal and forfeitures statutes are to be strictly construed. Allowing a penalty or forfeiture of the magnitude of removal from office without an attendant finding of "conscious wrong or evil purpose" as an element of willfulness, places all public officials at peril whenever they simply decline to act, regardless of their reason for declining to act.

---

1. At the time the *Phillips* case was decided, the penal code also specifically provided for the removal from office of any peace officer who violated Oklahoma Gambling Laws, or who knowingly or willfully neglected, failed, or refused to enforce gambling laws. *See* 21 O.S.2011 § 948; 21 O.S.2001 § 949 (repealed in 2006).

2. Willful is a word of many meanings, and its construction is often influenced by its context. *Screws v. United States*, 325 U.S. 91, 101, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945).