2013 OK CIV APP 27

Glenn W. SCHOENHALS, Plaintiff/Appellant,

v.

PSR INVESTORS, INC., f/k/a Fungoman, Inc.; Precision Sports Robotics, L.L.C.; and Fungoman, L.L.C., Defendants/Appellees.

No. 110,564.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 22, 2013.

---

Kieran D. Maye, Jr., Miller Dollarhide, P.C., Oklahoma City, Oklahoma, for Appellant.

Michael R. Perri, Phillips Murrah, P.C., Oklahoma City, Oklahoma, for Appellees.

LARRY JOPLIN, Chief Judge.

¶ 1 Plaintiff/Appellant Glenn W. Schoenhals (Plaintiff) seeks review of the trial court's order granting the motion for summary judgment of Defendants/Appellees PSR Investors, Inc., f/k/a Fungoman, Inc., Precision Sports Robotics, L.L.C., and Fungoman, L.L.C. (Defendants), on Plaintiff's claim for breach of a settlement agreement. In this proceeding, Plaintiff asserts the trial

court erred as a matter of law and fact in granting judgment to Defendants.

¶2 Plaintiff commenced an action against Defendants in 2007, asserting claims for fraud, deceit and fraud in the inducement. The parties proceeded to mediation, the results of which were memorialized in a Mediation Term Sheet. Plaintiff sought to enforce the provisions of the Mediation Term Sheet as a valid contract to settle, but the trial court held the Mediation Term Sheet did not constitute "a complete contract," because "[t]here was no meeting of the minds required for an enforceable contract." In March 2009, the parties filed a joint motion to dismiss all claims *inter se* without prejudice, and the case was dismissed.

¶3 Plaintiff commenced the instant action in May 2011. Plaintiff alleged that the 2007 Mediation Term Sheet constituted a valid agreement to settle entitled to enforcement, that Defendants had failed to comply with the settlement's terms, constituting a breach of the agreement, and causing Plaintiff damages of more than $1,737,534.00, for which he sought judgment.

¶4 Defendants filed a motion to dismiss, to which they attached evidentiary materials demonstrating the facts we have recounted, notably, that the trial court in the previous litigation held the Mediation Term Sheet did not constitute a valid settlement agreement entitled to enforcement, and that the parties filed a joint motion to dismiss, terminating the previous lawsuit. Defendants argued that the trial court's interlocutory order, holding the Mediation Term Sheet did not constitute a valid settlement agreement entitled to enforcement, constituted a final adjudication of that issue upon dismissal of all the parties' claims each against the other, and that Plaintiff could not relitigate the same issue in the present lawsuit between the same parties. Defendants also alleged that, upon dismissal of all his claims against them, Plaintiff was required by 12 O.S. § 100 to reassert those claims within one year of dismissal, but that, because Plaintiff so failed, he could not assert them in the present case. Defendants finally alleged the existence of another action pending between the same parties in Louisiana, commenced one month prior to commencement of the instant proceedings.

¶5 The trial court ruled the Defendants' motion to dismiss should be treated as a motion for summary judgment, and afforded Plaintiff additional time to respond. In his response, Plaintiff first argued that the trial court's 2007 order denying enforcement of the Mediation Term Sheet as a valid settlement agreement was interlocutory only, that the provisions of the Mediation Term Sheet, as a valid settlement agreement, required dismissal of the previous action, so that, upon dismissal of the previous action, the interlocutory ruling never became final as to impart it with preclusive effect. Plaintiff secondly argued that the five-year statute of limitations governing claims for breach of contract governed the claim for enforcement of the Mediation Term Sheet as a valid contract commenced in April 2008 upon execution of the Mediation Term Sheet, commencement of the present action within five years, and no bar by § 100. Plaintiff alleged, third, the claims in the Louisiana action were not the same as those asserted in the present case.

¶6 Upon consideration of the parties' submissions and arguments, and treating Defendants' motion to dismiss as a motion for summary judgment, the trial court granted the Defendants' motion and entered judgment accordingly. Plaintiff appeals, and the matter stands submitted for accelerated review on the trial court record.[1]

¶7 Ordinarily, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle her to relief. *See, e.g., Estate of Hicks ex rel. Summers v. Urban East, Inc.,* 2004 OK 36, ¶5, 92 P.3d 88, 90. We review an order granting a motion to dismiss *de novo,* without deference to the trial court's conclusion. *Id.*

¶8 Where a party submits evidentiary materials in support of a motion to

---

1. *See,* Rules 4(m), 13(h), Rules for District Courts, 12 O.S. Supp.2002, Ch. 2, App.; Okla. Sup.Ct.R. 1.36, 12 O.S. Supp.2003, Ch. 15, App. 1.

dismiss, the motion to dismiss is treated as a motion for summary judgment. 12 O.S. § 2012(B); *Patel v. OMH Medical Center, Inc.,* 1999 OK 33, ¶ 17, 987 P.2d 1185, 1192. We review an order granting a motion for summary judgment *de novo,* without deference to the trial court's ruling. *See, e.g., Lowery v. Echostar Satellite Corp.,* 2007 OK 38, ¶ 11, 160 P.3d 959, 963. "Summary judgment will be affirmed only if the appellate court determines that there is no dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* "Summary judgment will be reversed if the appellate court determines that reasonable men might reach different conclusions from the undisputed material facts." *Id.*

■■■ ¶ 9 "Issue preclusion prevents relitigation of facts and issues actually litigated and necessarily determined in an earlier proceeding between the same parties or their privies." *Durham v. McDonald's Restaurants of Oklahoma, Inc.,* 2011 OK 45, ¶ 5, 256 P.3d 64, 66–67. (Citation omitted.) "Under the doctrine, once a court has decided an issue of fact or of law necessary to its judgment, the same parties or their privies may not relitigate that issue in a suit brought upon a different claim." *Id.* "To establish issue preclusion, a party must prove: (1) that the party against whom it is being asserted was either a party to or a privy of a party to the prior action; (2) that the issue subject to preclusion has actually been adjudicated in the prior case; (3) that the adjudicated issue was necessary and essential to the outcome of that prior case; and (4) the party against whom it is interposed had a full and fair opportunity to litigate the claim or critical issue." *Id.*

■■ ¶ 10 In this respect, "a party against whom a summary judgment is sustained can no longer, as a matter of right, dismiss his claim without prejudice[,] [because] [t]he decision is effectively final for that party and he must appeal" the trial court's order. *Brandt v. Joseph F. Gordon Architect, Inc.,* 1999 OK 67, ¶ 22, 998 P.2d 587, 591. So, where the trial court adversely adjudicates fewer than all of a plaintiff's claims, and the plaintiff subsequently voluntarily dismisses the remainder of his or her unadjudicated claims, the prior order adversely adjudicating some but not all of plaintiff's claims is then final and subject to appeal. *Raven Resources, L.L.C. v. Legacy Bank,* 2009 OK CIV APP 101, ¶ 13, 229 P.3d 1273, 1279.

■■ ¶ 11 The parties to the prior action are identical to the parties in the present action. Plaintiff was afforded a full and fair opportunity to litigate the issue of the enforcement of the Mediation Term Sheet as a valid settlement agreement in the prior action, and the trial court in the prior action ruled it was not so enforceable. In seeking enforcement of the Mediation Term Sheet as a valid settlement agreement in the prior action, the issue was placed squarely before the trial court for adjudication, and required the trial court to fully and finally determine its validity. Upon dismissal of the remaining unadjudicated claims, the trial court's prior order denying enforcement of the Mediation Term Sheet as a valid settlement agreement became final and subject to appeal. Because Plaintiff's dismissal of his remaining unadjudicated claims imparted the order denying enforcement of the Mediation Term Sheet with appellate finality, and Plaintiff did not appeal that order, Plaintiff cannot now avoid its preclusive effect.

¶ 12 We therefore hold the trial court did not err as a matter of fact or law in granting the motion to dismiss/motion for summary judgment of Defendants. The order of the trial court is therefore AFFIRMED.

BUETTNER, P.J., and BELL, J., concur.